THE STATE OF KANSAS v. FRANK SHINN.

No. 12,461.    (66 Pac. 650.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Information against Druggist.* It is sufficient in an information against a druggist, pharmacist, or assistant pharmacist, for selling intoxicating liquors unlawfully, to charge that he held a permit; and it is not necessary to allege, in addition thereto, that he was at the time a druggist, pharmacist, or assistant pharmacist, as the allegation that he held such permit necessarily carries with it the legal presumption that he was entitled to hold it.

2. ——— *Offense Defined—Act Construed.* To charge in an information that one holding a permit as druggist, pharmacist or assistant pharmacist sold intoxicating liquors to one whom he "had good reason to believe desired the same to use as a beverage." charges no offense unless there is added thereto the further charge that the person purchasing did not, as a matter of fact, desire the liquors to use in one of the lawful methods, and did not so use them. The offense consists not in what the seller may or may not believe about the transaction, if, as a matter of fact, the sale and purchase were for a legal purpose.

3. ——— *Habitual Drunkard Defined.* An habitual drunkard, within the meaning of the statute making it an offense to sell liquor to such, is one who becomes commonly or frequently intoxicated, and not necessarily one who has so surrendered himself to the habit that he *must* drink to excess and become intoxicated whenever the temptation is presented and an opportunity afforded him to do so.

Appeal from Elk district court; C. W. SHINN, judge. Opinion filed November 9, 1901. Division two. Affirmed in part, reversed in part.

*W. A. McCausland,* county attorney, for The State.
*John Marshall,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: The appellant was convicted in the district court of Elk county on eight counts of an

The State v. Shinn.

information charging him with a violation of the pro-
hibitory law.   The first count set forth the offense as
follows :

"The said defendant, Frank Shinn, having procured
from the probate judge of Elk county, Kansas, a per-
mit to sell intoxicating liquors in a certain building
situate   .   .   .   , which said permit was then and
there in full force and effect, did then and there unlaw-
fully barter and sell to one George W. Pringle, a person
in the habit of becoming intoxicated, one half-pint of
whisky, the said defendant, Frank Shinn, then and
there having good·rerson to believe and knowing full
well that said George W. Pringle was a person in the
habit of becoming intoxicated.   .   .   . ''

The second count, after alleging that appellant held
a permit to sell intoxicating liquors in the manner as
set forth in the first count, further charged that on a
given date he sold to one George W. Pringle ''one half-
pint of whisky when he, the said Frank Shinn, had
good reason to believe that the purchaser desired the
same to use as a beverage.''   The third and sixth
counts, like the first,·alleged sales to persons in the
habit of becoming intoxicated.   The other counts,
like the second, charged sales to persons who, the
appellant had good reason to believe, desired to use
the liquors as a beverage.

First.   The appellant moved the court below to
quash · the information and each and every count
thereof, for the reason that none of them stated that
the defendant was a druggist, pharmacist, or an
assistant pharmacist, and claimed that, as the section
under which the information is drawn, the same being
section 2459 of the statutes of 1901, provides that no
1. Information    one but a druggist, pharmacist or an
against druggist.   assistant pharmacist can be punished,
it was necessary to allege in the information that

the person who held the permit was one of the persons mentioned in such section; that to charge that the appellant held a permit did not sufficiently show that he was one of the persons who might be prosecuted under the provisions of said section. We are compelled to disagree with appellant's attorney upon this point. Under the statute, no one but a druggist, pharmacist or an assistant pharmacist can hold a permit, and charging that the appellant held such a permit was in effect charging that he was a person who, under the law, might lawfully hold such a permit. At least, we fail to see how the defendant could raise the question. If he held what only a druggist could lawfully hold, he must either be such druggist or by a fraud upon the probate judge have procured such permit, in which case he would not be heard to deny the fact charged.

Second. The motion to quash was directed to each and every count of the information separately, and appellant claims that, as to the first, third and sixth counts this motion should have been sustained, for the reason that these counts charge only that the person was in the habit of becoming intoxicated at the time the information was filed. We do not think that this is a fair interpretation of the language of these counts, but that they fairly charge that the person was at the time of the sales complained of in the habit of becoming intoxicated.

Third. As to the second, fourth, fifth, seventh and eighth counts, which charge a violation of the law by sales to purchasers whom the appellant "had good reason to believe desired the same to use
2. Offense defined. as a beverage," appellant claims that the motion should have been sustained because the same did not contain any allegations that the pur-

chaser did not desire the liquors purchased for the named purposes and did not use the same for such purposes. In this contention we are constrained to hold with the appellant. The section of the statute under which the information is drawn seems, by a strict construction of the language used, to make it an offense for a druggist holding a permit to sell to any person whom he has reason to believe desires the liquors to use as a beverage, without regard to the purpose for which in fact the purchase is made ; but taking all of the provisions of the law together and considering its scope, reason, and purpose, we cannot say that the offense rests alone upon the druggist's belief, and if the purchaser does, as a matter of fact, desire the liquors for use in any of the lawful methods, and so uses them, then it would be no offense to sell to him, even though the druggist believed that the purchaser's purpose was to use them unlawfully.

As a general rule, in charging a statutory offense, it is sufficient to set forth the same in the language of the statute, yet this is not a universal or invariable rule. Elements of a statutory offense may be found in considerations arising from the general scope and purpose of the statute taken as a whole, and which, as a matter of course, was in the mind of the legislature when enacting the specific language of the law. These elements must be taken into consideration and be given place in the charging part of an information or indictment under such statute. In *The State v. Gavigan*, 36 Kan. 327, 13 Pac. 556, the court used this language :

"Where the statute simply designates the offense, and does not in express terms name its elements, the information must sometimes be expanded beyond the statutory terms."

The act sought to be prohibited, and which is made criminal, is the selling of intoxicating liquors to one who wishes to use them as a beverage, the druggist at the time of the sale having good reason to believe that the purchaser desired them for such use, and not for the lawful use for which he was pretending to purchase them. Literally to interpret the language of the statute would make the druggist liable when selling liquor for a perfectly legitimate purpose, if he, when making such sale, had reason to believe that the purchaser did not desire the liquors for such purpose; that is, the druggist would become a criminal because of a belief which he entertained, or had good reason to entertain, as to the proposed use of the purchaser of the liquors, when, as a matter of fact, the purchase was for an entirely legitimate purpose. It seems quite clear that the statute proceeds on the assumption that the purpose of the purchaser must be one to violate the law, and then grafts on that assumption the provision that the druggist must have good reason to believe that such purchaser desires it for such illegal use in order to complete the criminal act as to the druggist.

It cannot well be said that the belief entertained by the druggist would make him a criminal, when, as a matter of fact, the sale which he was making was perfectly lawful. So to construe the law would be likely to make of the most careful and conscientious of druggists the greatest criminals, for it is that class that are most alive with suspicion and most active with questions. The mere entertainment by the druggist of the belief that the liquors were to be used unlawfully would not make him a criminal if, as a matter of fact, they were being purchased for a lawful use. (*Commonwealth v. Joslin*, 158 Mass. 482,

33 N. E. 653, 21 L. R. A. 449.) It follows that the motion to quash should have been sustained as to these counts and that the conviction on them must be set aside.

Fourth. It is next contended that the evidence was not sufficient to warrant the conviction of the appellant under the counts charging him with having made sales to persons alleged to have been in the habit of becoming intoxicated, and that the instruction of the court to the jury on this point was erroneous. This contention of the appellant is clearly presented by quoting an instruction which he asked the court to give, the same being as follows :

3. Habitual drunk-ard defined.

"Before you can convict the defendant of selling intoxicating liquor to a person alleged to be in the habit of becoming intoxicated, you must be satisfied from the evidence, beyond a reasonable doubt, that at the time of making such sale of intoxicating liquor. such person was in the habit of becoming intoxicated ; that is, that such person frequently drank to excess and became intoxicated *whenever the temptation was presented and an opportunity was afforded him ;* that the practice of drinking until he became intoxicated was indulged in so frequently as to become a fixed habit with him."

This instruction was given by the court, except that it omitted that portion printed in italics. The attorney for appellant contends that the word "habit" in this connection must be construed to mean such a condition of mind or body caused by the customary and frequent repetition of a given act as to become such an invariable rule or law of action in the person affected thereby as to make the act concerning which the habit appertains to become an involuntary one, so that it would be repeated when-

ever the temptation was presented or the opportunity afforded.     This contention is supported by an elaborate argument, and although the argument made is a plausible one we think it specious.     "Habit of becoming intoxicated," as used in the statute, means to become commonly or frequently intoxicated, and it is not necessarily applied to one who has so surrendered to habit that he *must* become intoxicated upon every occasion when opportunity shall be offered.     In order for one to acquire the habit of becoming intoxicated, it is not necessary for him to drink to excess "whenever temptation was presented and an opportunity was afforded him"; and we conclude, therefore, that the court was correct in striking out of the instruction asked as above the words it did, and that the evidence, going as it did to the extent indicated in this instruction, warranted the verdict of guilty upon the named counts so far as this matter is concerned.

Some minor objections are urged by appellant's counsel which we have carefully examined, but find no reversible error therein.     From the foregoing discussion, we conclude that the conviction of the appellant on the first, third and sixth counts of the information was correct and must be affirmed; that on the other counts his conviction was erroneous, and as to these the judgment of the court below will be reversed.     The case is remanded for further proceedings in accordance with this opinion.

DOSTER, C. J., POLLOCK, J., concurring.