FELLOWS, County Surveyor, et al. v. WILLETT et al.

No. 12498—Opinion Filed Nov. 27, 1923.

Rehearing Denied Dec. 18, 1923.

Second Rehearing Denied April 8, 1924.

1. Boundaries—Scope of Surveyor's Duties —Errors in Government Survey.

When a surveyor is called upon to locate government corners and lines, he is not employed as an arbiter of disputes between the adjoining landowners. Neither is it his province to correct mistakes in the original survey. It is his duty to locate the corners and lines as formerly established.

2. Same—Section Corners—Conclusiveness of Government Survey.

The original section corners as established by the government survey, or the place where they were established, if they can be definitely determined, are conclusive on all present owners or holders with reference thereto, without regard to whether they were located correctly in the first instance, and must remain the true corners or monuments from which to determine the boundaries.

3. Same.

The foregoing is the rule of law, even though the location of the section corner in the first instance is the result of an inaccurate survey.

4. Same—Resurvey.

If the section corners established by the government survey are the result of an inaccurate survey and become obliterated, the resurvey must fix the corners where originally placed by the government, if the corners can be located by other natural objects or convincing evidence. This rule should be followed, even though to do so will awry the shape and boundary of the tract or section affected.

5. Same—Consideration of Adverse Claims —Review on Appeal.

In making a survey or resurvey of lands the county surveyor is not authorized to take into consideration adverse possession and claims in locating lines and corners of sections or tracts of land. The duty of the county surveyor in making a resurvey of a former government survey is to locate the lines and corners of the section as fixed by the government survey without regard to adverse claims by adjoining landowners. On appeal from the surveyor's report it is not proper to try adverse claims between the parties.

6. Judgment Sustained.

Record examined; held, to support the judgment of the trial court for appellants and defendants in error herein.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; C. C. Smith, Judge.

Appeal by Ora Willet, Wm. Farmer, and J. E. Keifer from a survey made by Keith Fellows as County Surveyor for Payne County. Judgment for plaintiffs, or appellants. Defendants bring error. Affirmed.

C. C. Suman and John P. Hickam, for plaintiffs in error.

Wilcox & Swank, for defendants in error.

Opinion by STEPHENSON, C. Heretofore C. W. Nixon, J. F. Newport, and S. F. Saint filed a petition in the office of the county surveyor of Payne county, requesting the officer to make a survey and ascertain the lo-

cation of certain section corners and lines in relation to lands owned by the petitioners. As the survey might affect the real estate interest of the defendants in error and others, the county surveyor caused written notice of his intention to make the survey to be served on the interested parties. Pursuant to the written notice the county surveyor made a survey of the lands in question, which resulted adversely to the rights of the defendants in error and in a change of what had been understood to be the location of the section lines and corners. The defendants in error perfected their appeal from the findings of the county surveyor to the district court of Payne county. In the trial of the cause judgment went for the appellants and reestablished the section lines and corners as formerly located by the government survey. The petitioners for the survey and the county surveyor have perfected an appeal from the judgment to this court and for ground of reversal assign errors as follows: (a) Insufficiency of the testimony to support the judgment of the court; (b) the introduction of incompetent testimony and the refusal to receive competent testimony; (c) refusal of certain instructions requested by the plaintiff in error; (d) the giving of certain instructions by the court and excepted to by the appellants. It appears from the evidence that a Mr. Sater, who was then the county surveyor of Payne county on October 2, 1890, made a survey of the lands and section corners involved in this case. The report of county surveyor Sater, as found in the records of the county surveyor's office, disclosed that in making the survey he found the original corners by the witness trees, and ran the section line accordingly. The residents of the land located their fences in accordance with the corners and lines as found by county surveyor Sater, which remained so located at the time of survey involved in this appeal. The section corners and lines as found and followed by county surveyor Sater were the section lines and corners located by the government survey. A further report of a survey as made by county surveyor R. W. Hoskins in November, 1891, was found in the county surveyor's office. The report covered a resurvey of the section lines and corners involved in this suit, and followed and recognized the lines and section corners as found by Sater. County surveyor Thos. P. German made a survey of the section lines and corners involved in this case in 1912. The report of the county surveyor German could not be located in the office and parol proof was admitted to show that German found and followed the lines and section corners as fixed and located by the govern-

ment survey. The plaintiffs in error objected to the introduction of parol proof as to the findings of county surveyor German, and excepted to the ruling of the court in admitting the testimony. The survey made by Thos. P. German as county surveyor was made by order of the county commissioners of Payne county. One L. A. Taylor, who had been county surveyor for Payne county for several terms, testified that he surveyed a road from the disputed corner and had before him and under consideration the records of previous surveys of the disputed points and found the corners and lines as located by the previous surveys, and recognized the points from which the Fellows survey moved the corners and lines as being the section lines and corners as fixed by the government survey and fixed by the subsequent surveys. In passing to a consideration of the several errors assigned by plaintiffs in error, we do not desire to be understood as passing on the validity and effect of the previous surveys as made, and the right of the petitioners to cause the present survey to be made. As judgment went against the petitioners, we may waive the question of the previous surveys being a bar to petitioners' rights to the resurvey, in order that certain other questions involved may be considered for guidance in making future resurveys. The corner stones as originally placed by the government survey had become misplaced or removed, but the testimony clearly and convincingly marks the points designated as section corners by the government survey. This appeal, among the several questions, presents the law involving an obliterated corner and not a lost corner. It appears that the county surveyor, finding the section corner monuments removed or obliterated, undertook by his own independent action, without reference to the previous location of the section corners, to fix the section corners and lines that ought to have been fixed, in his judgment, by the government survey in the first instance. The county surveyor found by previous surveyor's reports that the section lines had not been run in a straight direction by the government survey and that the corners as fixed by the government survey were the result of inaccuracies. The monuments marking the section corners by the government survey being obliterated, the county surveyor undertook and did run what he termed a correct section line and fixed the section corners accordingly, which resulted in a loss of acreage to the defendants in error. The evidence shows that the county surveyor could have found by clear and convincing testimony, and the records from previous surveys, section corners previous-

ly designated by the government survey. It was was the duty of the county surveyor to be governed by the section corners as designated by the government survey, even though to do so would have set awry the shapes and boundaries of the sections affected. In making a resurvey and establishment of boundaries and monuments, the question of the correctness of the original survey will not be permitted to enter into the location of the section corners and lines. If the section corner monuments or markers are obliterated or removed, if the county surveyor can by the aid of natural objects and clear evidence locate the previous designation of corners and even though the corners so designated were the result of an unaccurate survey, the county surveyor must be governed by the original designation of the section corners and make his survey of the lands accordingly. Yolo County v. Nolan (Cal.) 77 Pac. 1006: 9 C. J. page 164, section 18; Woodland v. Hodson (Idaho) 152 Pac. 206: Weaver et al. v. Howatt (Cal.) 152 Pac. 925; Washington Rock Co. v. Young, 110 Am. St. Rep. 666; Bayhouse v. Urquides (Idaho) 105 Pac. 1066; Hale v. Ball (Wash.) 126 Pac. 942; Rosenmeir v. Mahrenhotz (Ind.) 101 N. E. 723; Tanner v. Stratton (Utah) 139 Pac. 940: Palmer v. Dosch (Ind.) 47 N. E. 176; Zehner v. Castle (Idaho) 148 Pac. 470. Evidence of the existence of certain lines previously recognized and fences, and the continued occupancy of the land, will not be considered for the purpose of establishing the right of the adjoining landowners to claim to a certain point by adverse possession. The duty of the county surveyor is to ascertain the location of the section corners as previously located and fixed by the government survey, and not in relation to the rights between or among the parties of the lands as might be fixed by adverse possession or statute of limitations. However, in particular cases the continued location of fences along certain lines, or corners at certain points, by acquiescence of the interested parties, might be competent, in conjunction with other testimony, as throwing light on the question of the point of the original designation of the land corners. Swartz v. Ramala (Kan.) 66 Pac. 650: Edwards v. Fleming (Kan.) 112 Pac. 841.

What we have said disposes of the objections made to the introduction and refusal of testimony in the trial of the cause. The court in submitting the question of adverse possession or statute of limitation to the jury committed error. But the jury was amply justified in reaching its verdict from the evidence, aside from the question of adverse possession. Therefore the error committed in this regard, if any, is merely technical and could not in any event affect the legal rights of the plaintiffs in error in this cause. Complaint is made of the instruction given by the court in relation to and defining what is meant by an obliterated corner. The instruction is in the following language:

"An obliterated corner is one where no visible evidence remains of the work of the original surveyor in establishing it. The location may, however, have been preserved beyond all question by acts of landowners and by the memory of those who knew and recollect the true situs of the original monument. In such case it is not a lost corner. A lost corner is one whose position cannot be determined beyond reasonable doubt or from original monuments or reliable external evidence."

The instruction correctly submitted the question to the jury. In making a survey of lands, if the corner has become obliterated and lost, and the proof is not sufficient to establish its location to a reasonable certainty, then the court should decree the establishment of a corner equidistant from the section corners. But, as before stated, if the evidence establishes to a reasonable certainty the point of location of the obliterated corner, the court will not direct the establishment of a corner under the rule of lost corners, since the latter rule establishes the corner where the former surveyor actually located it and not where it ought to have been located by a correct survey in the first instance. Hale v. Ball (Wash.) 126 Pac. 942.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.