No. 25,486.

THE STATE OF KANSAS, *Appellee,* v. GEORGE FOX, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*Evidence—Instructions.* Various rulings complained of in a liquor prosecution are held not to warrant a reversal.

Appeal from Chautauqua district court, division No. 1; ALLISON T. AYRES, judge. Opinion filed May 10, 1924. Affirmed.

*J. W. Dalton,* of Sedan, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *Ralph R. Rader,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: George Fox was charged in three counts with the sale of liquor, its possession, and the maintaining of a nusiance in a garage owned by him. He was convicted on the first two counts and acquitted on the third. He appeals.

Complaint is made of two instructions concerning reasonable doubt. One of them, among other things, said a doubt, to authorize an acquittal, should be substantial. The argument is that "substantial" sometimes means strong, stout or solid. The context shows that it was used as an antonym of unsubstantial—it was contrasted with a mere possible doubt. The objection is unfounded. (16 C. J. 993.) The other instruction follows, with some variation, the often quoted language of Chief Justice Shaw in the Webster case

The State v. Fox.

(*Commonwealth v. Webster,* 59 Mass. 295, 320), preceded by the words—"a reasonable doubt is such a doubt as the jury are able to give a reason for." The entire instruction is practically identical with that challenged in *State v. Ling,* 91 Kan. 647, 138 Pac. 582, and there held not to warrant a reversal. We apply the same rule here.

A witness returned an affirmative answer to the question, "Didn't you and Mr. Fox have an arrangement whereby he was to furnish the money and you were to obtain the liquor, and sell it and divide the profits?" The objection then made to the question was that it was incompetent, irrelevant and immaterial. That now urged is that the question was not confined to the time and place involved. To be available here that objection should have been made at the trial. The witness was also allowed to answer—in the affirmative— the question "Have you sold any liquors in Chautauqua county in the past year in which George Fox had an interest?" The objection then and now made is that a conclusion was called for. The next question was, "You may state what that interest was?" Inasmuch as the defendant made an objection to this, which was sustained, he is not in a position to complain of the generality of the preceding question. Other questions now complained of were not objected to at the trial. This witness testified that from January to June he and the defendant were partners and that he sold liquor at the garage and the two divided the profits. Objection is made to this on the ground that the character of the arrangement was not sufficiently shown and that the time covered was not that during which violation of the law by the defendant was charged. We think no more definite statement of the relation between the witness and the defendant or of the time of the sales was necessary. Evidence introduced as to the general reputation of the garage is objected to. It obviously had to do with the nuisance count, and since the defendant was acquitted on that it is not material whether error was committed in that connection.

Complaint is also made of the manner in which the prosecuting attorney cross-examined the defendant and argued the case to the jury. The objections were not so presented in the trial court as to bring up rulings for review, but apart from this consideration we see nothing in this respect or with regard to the matters already discussed to suggest that the defendant did not have a fair trial.

The judgment is affirmed.