No. 25,818.

THE STATE OF KANSAS, *Appellee,* v. FRANK HEUSTIS, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Appeal—Cross-examination Restricted—Perfecting Appeal.* In a prosecution for rape the restriction of the cross-examination of the complaining witness is held to be unavailable as a ground of reversal because it was not included in any of the rulings on account of which a new trial was asked.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed March 7, 1925. Affirmed.

C. E. Carroll, A. E. Carroll, both of Alma, and *Ira C. Snyder,* of Manhattan, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *William Bowes,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Frank Heustis appeals from a conviction upon two counts of an information charging him with committing rape by carnally knowing a sixteen-year-old girl.

A reversal is asked upon the sole ground that the trial court unduly limited the cross-examination of the complaining witness. According to her testimony the defendant had intercourse with her in January, 1923, again either that month or the next, and again in the following May. Late in February or early in March she became aware she was pregnant, and a premature birth, brought about by an operation, occurred June 27. Evidence of her pregnancy and delivery was introduced, apparently as tending to corroborate her statement concerning the defendant's intercourse with her in January or February. Upon her cross-examination she was asked whether in those months she also went with another man who was named. The court refused to allow the question to be answered unless the defendant's attorney would say he had evidence that she had had sexual relations with the man named. The attorney responded: "I cannot prove this woman has had intercourse with anybody; the most I can do is to show that she has been out with men under suspicious circumstances." The objection to the question was sustained. Such a ruling in a similar situation has been held to constitute prejudicial error. (*The State v. Gereke,* 74 Kan. 200, 87 Pac. 759.) No other question of this character was ruled out, and inasmuch as the complaining witness testified that she had had intercourse with another man in 1922 and with still another at some unspecified date prior to June 25, 1923, the probability of the verdict having been influenced by this restriction of the cross-examination seems quite remote. But in any event, the ruling complained of is not available on review, for it was not included in any of the grounds upon which a new trial was asked. The motion set out all of the reasons for a new trial specially enumerated in the criminal code (R. S. 62-1603), and also newly discovered evidence and misconduct of the county attorney. It did not specify the exclusion of evidence nor employ the general phrase "erroneous rulings . . . of the court," which is a ground of new trial named in the civil code (R. S. 60-3001) and made applicable in criminal cases (R. S. 62-1414; *The State v. Appleton,* 73 Kan. 160, 84 Pac. 753.)

The judgment is affirmed.