No. 27,990.

The State of Kansas, *Appellee*, v. William Berry, *Appellant.*

(262 Pac. 499.)

SYLLABUS BY THE COURT.

1. Criminal Law—*Reception of Evidence—Effect of Incompetent Evidence Relating to Count on Which There Was Acquittal.* One prosecuted on several counts in an information, found guilty on one count and not guilty on the other counts, and who appeals from the conviction, is in no position to complain that incompetent evidence was received, when such evidence related only to the charge on which he was found not guilty, and was so limited when received. .

2. Same—*Conduct of Counsel—Inaccurately Stating Testimony.* The jury is the judge of what testimony was given at the trial. A judgment will not be reversed because an attorney in his argument inaccurately stated the testimony of a witness.

Appeal from Finney district court; Harry E. Walter, judge. Opinion filed January 7, 1928. Affirmed.

*William H. Buck,* of Garden City, and *William Harrison,* of Hutchinson, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *A. M. Fleming,* county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.:  Appellant was charged in three counts with being a persistent violator of the intoxicating liquor law. The first count charged unlawful possession, the second count charged a sale, and the third count charged the maintenance of a nuisance—and each count charged a prior conviction. The trial resulted in a verdict of guilty on the first count and of not guilty on the second and third counts. He has appealed, and complains, first, that incompetent evidence, prejudicial to him, was received. When the officers arrested defendant at the place where he was charged with maintaining a nuisance they found, among other things, a 44-40 Colt revolver and cartridges for it, and took them along. These were offered in evidence as tending to show the kind of place he was maintaining, and the means he had prepared to protect it. Since they were offered only to support the charge contained in the third count of the

Criminal Law, 16 C. J. pp. 898 n. 99, 929 n. 86; 17 C. J. pp. 298 n. 21, 318 n. 13, 327 n. 96, 329 n. 18.

information, and since the defendant was found not guilty on that count, the error, if any, in their admission in evidence is unimportant.

There was evidence that, on the way to jail, defendant asked the officers who arrested him and who had him in custody, "if this thing could not be fixed in some way so he would not have to come in with us, if it could be settled and that would be the end of it." He was told that could not be done. At the trial the county attorney commented on this in his argument to the jury. Complaint is made of that. It was a proper subject of comment.

Perhaps the county attorney overstated the evidence relating to that matter when he said the defendant had not denied making such a proposition. The record shows that in his testimony he did deny making any proposition relative to a settlement, and said that he asked the officers to let him come down to the sheriff's office in the morning, and told them he would do so. Such overstatement of facts by an attorney in his argument does not require a reversal. Attorneys in all cases in argument to the jury should state the evidence fairly and accurately, when they state it at all, for such tends to avoid confusion and to promote the proper administration of justice. But the jury is the judge of the evidence—of what has been testified to by the witnesses—as well as of the weight of the evidence, and the court usually in the instructions, and attorneys frequently in their arguments, tell the jury their duty in this respect. There is no suggestion that the jury was not so told in this case; neither does the record disclose that the jury did not perform its duty in this respect.

The judgment of the court below is affirmed.

HOPKINS and HUTCHISON, JJ., not sitting.