No. 34,026

THE STATE OF KANSAS, *Appellee,* v. WALTER PENROSE, *Appellant.*

(84 P. 2d 846)

Opinion filed December 10, 1938.

*W. L. Cunningham, D. Arthur Walker, Wm. E. Cunningham, Hattie Franey* and *Lawrence J. Wetzel,* all of Arkansas City, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, and *Earle N. Wright,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a conviction on two counts of an information charging assault with intent to commit rape of two girls. The evidence showed one girl to be twelve years of age, the other fifteen.

It is first contended the evidence did not support the offenses charged; that all that was proved was defendant may have made an indecent assault, but that there was no evidence of intent. In support *State v. Kendall,* 56 Kan. 238, 42 Pac. 711, and authorities from other states are cited. We find it unnecessary to discuss them, for the argument is predicated on a part only of the evidence. Each girl testified that defendant partially disrobed her, exposed his own private parts and assumed an appropriate position to have sexual intercourse. In one case the following question was asked and answer given:

"Q. Did he try to get it into your body. A. Well, he did once or twice."

And in the other case, as abstracted:

"He exposed his private person in my presence. . . . He tried to get his private person into my private person."

That such evidence showed intent seems too clear for further discussion. We are not persuaded by the argument that because defendant desisted voluntarily before he consummated the act that he had no intent to commit it. Under the circumstances, what he intended was a question for the jury to determine.

It is further argued that the evidence was unbelievable and preposterous. Appellant recognizes that the weight of evidence is for the jury, but argues the entire situation disclosed leads to a conclusion the verdict is not supported by sufficient evidence. This is predicated on the fact the offenses were committed in broad daylight in the rear of a furniture store, the front windows of which were not curtained, the front and back doors of which were open; that persons could enter either the front or rear door, etc. It ignores testimony the offenses took place in the workshop portion of the main room, separated from the main room by partitions, the height of which was not shown, and that in that portion were a desk and workbench. We shall not relate the rather detailed evidence of what took place in that workshop. All of this evidence was before the jury.

In *State v. Tinkler*, 72 Kan. 262, 265, 83 Pac. 830, it was said:

"The credibility of the evidence, if within the bounds of reason, rests with the jury and trial court, and cannot be considered here."

Matters of the kind detailed by these two young girls are, of course, unusual, but we cannot and will not say they are beyond the bounds of reason. The jury heard the entire story as presented by the state's witnesses, as well as defendant's version, and gave credence to the state's evidence by its verdict, which the trial court approved. We cannot say the verdict was not supported by sufficient evidence.

Appellant also contends the trial court erred in striking out certain evidence offered by him. The question is not open to review, for the reason that in the motion for a new trial no mention was made thereof. (See *State v. Heustis*, 118 Kan. 152, 233 Pac. 801.) Notwithstanding, we have examined the complaint. Appellant called certain persons as witnesses, each of whom stated they knew defendant's general reputation as a truthful and law-abiding citizen. On cross-examination each stated he had talked with no one and had given his personal opinion. Each then stated he had never

heard anything derogatory to appellant's reputation. On motion by the county attorney, the first portion was stricken. It is to be observed the trial court did not strike the negative testimony. Other witnesses, concerning whose qualifications there was no question, testified that defendant's reputation for being a truthful, law-abiding citizen was good. Appellant relies on *State v. McClellan,* 79 Kan. 11, 98 Pac. 209, where it was held to be error to strike out the evidence of a witness whose qualification was limited to talking to members of his own family. The state directs our attention to, and relies on, a statement from *State v. Simmons,* 74 Kan. 799, 801, 88 Pac. 57:

"Reputation is the evidence of character, and character is not to be established by the opinions or conclusions of witnesses, nor by the personal knowledge of the witness or by particular acts or circumstances, but, in the respect involved, is proved by evidence of the general reputation which one bears in the locality where he resides as to that particular trait." (p. 801.)

Ordinarily, reputation is not proved by the personal opinion of the witness, although as held in *State v. McClellan,* supra, his negative evidence of good character is competent. (See, also, annotation, 67 A. L. R. 1210.) The negative evidence here was not stricken, only the personal opinions of the witnesses. We are of opinion that under the above decisions, and also *State v. Patterson,* 112 Kan. 165, 171, 210 Pac. 654, the ruling of the trial court was not prejudicial to the appellant.

Appellant also complains of the instructions given. The contention is that the trial court did not instruct on the element of intent, and in part is covered by the matter heretofore discussed. Without going into detail, we find the court defined "intent" to the extent of saying that "a person intends the natural and probable consequences of his acts intentionally done and that an unlawful act implies an unlawful intent." Whether the instructions were fully sufficient or not, however, is no longer open to question. The record shows the trial court, before giving its instructions to the jury, inquired of counsel for the state and for the defendant whether either had any objections to the instructions or any requests to make, and each answered "No." Appellant will not now be permitted to say the instruction on intent was not as full and complete as it might well have been had he directed the trial court's attention to what he now contends was not a full and complete instruction.

It has not been made to appear that the trial court committed any prejudicial error, and its judgment is affirmed.