No. 35,724

THE STATE OF KANSAS, *Appellee*, v. CLYDE ROSENBERRY, *Appellant*.

(134 P. 2d 414)

Opinion filed March 6, 1943.

*Hall Smith,* of Topeka, argued the cause, and *Henry M. Dangerfield* and *Richard R. Funk,* both of Topeka, were on the briefs for the appellant.

*Ward Martin,* county attorney, argued the cause, and *A. B. Mitchell,* attorney general, was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant was convicted of statutory rape. (G. S.

1935, 21-424.) His principal contentions are that the court erred (1) in giving and in refusing certain instructions, (2) in excluding testimony, (3) in limiting cross-examination of the prosecuting witness.

No helpful purpose would be served by full recital of the record. Appellant was thirty-four years old and the prosecuting witness twelve years old when the alleged offenses were committed. The prosecuting witness testified concerning three separate offenses, and upon motion of the defendant to require election the state elected to stand for conviction on an offense which she testified took place in April, 1941. The prosecuting witness was a sister of defendant's wife and was one of eight children. Several of her sisters gave testimony as to defendant's unseemly conduct upon various occasions.

Instructions. The court gave quite complete instructions, which need not be quoted in full. Appellant contends that it erred in refusing to give the following instructions:

"1. You are instructed that the charge of statutory rape is, in its nature, a most heinous one, likely to create a strong prejudice against the accused. It is a charge easy to make and hard to disprove. On this account you should bear in mind the difficulty of defending against such charge, and consider most carefully all the evidence and the instructions in arriving at your verdict.

"2. You are instructed that in considering the testimony of ———— ————, the complaining witness, you may take into consideration her age, apparent mentality, education, and experience in matters common to mankind, and her interest, if any, that she may have in the prosecution of the defendant. You may also take into consideration her general reputation for truth and veracity in the community in which she resides."

It was not error to refuse requested instruction No. 1. Nor in view of the instructions that were given was appellant prejudiced by refusal to give requested instruction No. 2. Among the instructions given were the following:

"11. You are the exclusive judges of the facts and of the credibility of the witnesses in this case. It is for you to determine what credit and value shall be given to the testimony of the various witnesses, and in doing this you may consider the appearance of the witness upon the stand, his or her age, his apparent candor and fairness in giving his testimony, his bias or prejudice if any such is shown, his interest in the result of the suit, and his opportunity of seeing and knowing of the things about which he testifies, together with the probability or improbability of his statements in view of all the other evidence, facts and circumstances proven.

"12. You are not authorized to arbitrarily reject, without cause or reason, the testimony of any witness, but it is your duty to carefully consider, examine

and harmonize all the testimony in the case upon a basis of truth; but if, after careful consideration, you are unable to do this, then you are authorized to reject such of it as you think not entitled to credit. If you believe, after careful examination of all the evidence, that any witness has knowingly and willfully testified falsely to any material fact in issue, then you may in your discretion disregard the whole of such witness' testimony, or so much thereof as you may consider not entitled to credit."

"7. Certain evidence has been introduced in this case concerning the reputation of ——— ——— [prosecuting witness] for truth and veracity. This evidence should be considered by you as any other evidence which has been produced, in determining the questions of fact submitted to you in this case, and should be weighed by you in the same manner as other evidence which has been produced before you, in determining the guilt or innocence of the defendant."

Appellant contends that instruction No. 7, *supra,* was erroneous for the reason that the jury was there told that evidence concerning the reputation of the prosecuting witness for truth and veracity should be weighed in the same manner as other evidence in determining the guilt or innocence of the accused, instead of being told that it should be considered as bearing upon her credibility. The instruction might have been differently worded but there is nothing wrong with it. The matter of credibility was fairly covered in instructions Nos. 11 and 12, *supra.*

Excluding Testimony. In his opening statement counsel for appellant made the following statement:

"The evidence will show that Becky is a girl that might be described as psychiatric; that she has been that way since she was a very small girl; that it has been a prime factor in Beck's life, and it came to pass that when she got mad at Clyde Rosenberry, that is what she charged him with."

Complaint is now made that appellant was not permitted to show that the prosecuting witness "should have the attention of a psychiatrist and is neurotic." But the record does not disclose that appellant offered any testimony to show that she was neurotic or mentally defective. On this point he calls attention only to proffered testimony of the matron of a Parental Home where the prosecuting witness had resided subsequent to May 13, 1942—more than a year after the alleged offense was committed. In the first place, an examination of the excluded testimony of the matron does not disclose any statement that the prosecuting witness was neurotic or mentally defective. In the second place, a showing that the prosecutrix was mentally deficient at the time the offense was committed would have constituted no defense, and the jurors were in position to form a judgment as to her mental capacity at the time of trial,

for its possible bearing upon the credibility of her testimony. We find no basis for saying appellant's rights were prejudiced in this regard.

Further contentions as to exclusion of testimony have to do with the cross-examination of the prosecuting witness. Appellant cites a number of our decisions (*State v. Gereke,* 74 Kan. 200, 87 Pac. 759; *State v. Johnson,* 129 Kan. 207, 282 Pac. 723; *State, ex rel., v. Wright,* 140 Kan. 679, 682, 38 P. 2d 135; *State v. Heustes,* 118 Kan. 152, 233 Pac. 801) wherein the necessity of permitting wide latitude in cross-examination of a prosecuting witness in cases of this sort is recognized. The rule is a sound one, but a careful examination of the instant record discloses no prejudicial disregard of the rule. Appellant was not denied the right to cross examine the witness as to her relations with other men. On the contrary she testified, on cross-examination, as to an act of sexual intercourse several years prior thereto. The record discloses no other questions asked as to such acts. Appellant complains of the exclusion of testimony shown by the following:

"Q. That day you had been to Lyndon, Kansas, had you not?

"Mr. Martin: We object as incompetent, irrelevant and immaterial and not cross examination.

"Mr. Funk: It is preliminary.

"The Court: Is there any claim that the defendant was a party to this trip to Lyndon?

"Mr. Funk: No, sir.

"The Court: The objection is sustained.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. As a matter of fact, you had been out with a married man all day long. Isn't that what Clyde was mad about?

"Mr. Martin: We object. as incompetent, irrelevant and immaterial, assuming and not proper cross-examination.

"The Court: Objection is sustained.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Do you remember of having told Mr. Wilson on the same occasion that Clyde tried to run your business?

"Mr. Martin: We object as incompetent, irrelevant and immaterial.

"The Court: The objection is sustained."

In connection with this testimony it must be noted that appellant called Wilson, referred to above, and he testified that the prosecuting witness was a neighbor of his, that along with other passengers he took her on a trip to Lyndon and back, in a bus he was driving, and his further testimony—elicited by appellant on direct examination—was as follows:

"Q. All right, you had a conversation with her on the same day you took this trip with her, about Clyde Rosenberry? A. That is right.

. "Q. State what Becky said about Clyde Rosenberry on that trip.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"A. Well, she said she didn't want to go home that night; she was afraid of Clyde, afraid Clyde would come along and pick her up. I says: 'Why?' She said she really hated him, and I said, 'Why?' She said 'He is always interfering with my business.'

"Q. Did she say anything more? A. No.

"Q. Did she at any time say that Clyde Rosenberry had mistreated her? A. No.

"Q. Did she say anything derogatory to Clyde Rosenberry, other than you have stated? A. No; she didn't."

The record does not show that cross-examination was limited, to the prejudice of appellant.

No error has been shown. The judgment is affirmed.

PARKER, J., not sitting.