No. 37,532

THE STATE OF KANSAS, *Appellee*, v. FREDERICK (TERRY) SMILEY, *Appellant*.

(206 P. 2d 115)

Opinion filed May 7, 1949.

*Edward Rooney*, of Topeka, argued the cause, and *Jacob A. Dickinson* and *David Prager*, both of Topeka, were with him on the briefs for the appellant.

*Warren W. Shaw,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *William L. Rees* and *Herbert A. Marshall,* assistant county attorneys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: Defendant was tried on a charge of forcible rape. The jury returned a verdict of guilty as charged. Defendant's motion for a new trial was overruled and from the judgment rendered on the verdict, defendant appealed to this court, specifying as error the refusal of the trial court to give defendant's requested instructions, and the trial court's hostile and prejudicial attitude toward defendant during the trial.

The facts may be stated briefly as follows: The complaining witness, a Mrs. Kramer, was twenty-six years old, married, and had one child. She lived apart from her husband who had deserted her about one year before. On Saturday night, December 20, 1947, she and a girl companion were at Mike's Place, a recreation establishment where beer and soft drinks were sold and where dancing was permitted. At this place defendant danced with the complaining witness, arranged to meet her after she had taken her girl companion home, and to then go to other "places" where they could continue dancing. They went in defendant's car, and included besides complainant were defendant's fellow companion DuPuis and his girl and two other men. During the evening the two men left the party, and later DuPuis took his girl home and then returned. Defendant, his companion DuPuis, and complaining witness then proceeded in the car out onto a country road, which according to state's evidence was over the objections of the complaining witness. Here, according to the state's evidence, defendant struck, threatened and attempted to forcibly rape the complaining witness. This first attempt failed and the three persons then drove to a more lonely and desolate spot in the country where defendant attacked, beat, threatened and forcibly raped complaining witness with the help, aid and assistance of defendant's companion DuPuis. There was some evidence that complainant was threatened with a gun which defendant had in his car. The state's evidence showed that her clothing was torn, and her eyes, face and body blackened and bruised; that she was returned to her home about 5:30 or 6:30 a. m. the next morning, and when she was let out of defendant's car she was admonished not to look back. A few days later de-

fendant was arrested. This prosecution followed and the case was tried twice, the first resulting in a mistrial. The second case resulted in defendant's conviction of forcible rape, and this appeal followed.

Appellant's second specification of error—that the trial court's hostile attitude prejudiced the defendant and prevented his fair trial—was not included as one of the grounds in the motion for new trial, and not having been called to the attention of the trial court, it cannot be considered here.

The only other error complained of by appellant is the trial court's refusal to give the instructions requested by defendant and designated as requested instructions Nos. 3, 4, 5, 6 and 7.

The gist of requested instruction No. 3 was to charge the jury that the crime of forcible rape was not committed if the complaining witness consented to the act of sexual intercourse. Of course, that is a fair statement of the law—but the instructions given by the court stated it just as forcefully as did appellant's request. The court's instructions accurately defined the crime with which defendant was charged; they dealt with the amount of resistance necessary to show that the woman did not consent; they stated that the act must be committed by physical force against her will or by her acquiescence through threats or violence or both; they established "force" as one of the acts constituting the crime; and they then advised the jury that every material fact necessary to constitute the crime must be proved beyond a reasonable doubt. The court's instructions sufficiently met the request made by defendant in this respect.

Appellant's requested instruction No. 4 would have advised the jury that the state was required to prove beyond a reasonable doubt that the crime was committed in Shawnee county, Kansas. This matter of venue was quite fully covered by the court's instructions as follows:

"No. 3. If you find from the evidence in this case beyond a reasonable doubt that the defendant Frederick (Terry) Smiley at the time and *place* charged in the information forcibly ravished Marietta Kramer within the meaning of the words 'forcibly ravished' as hereinbefore defined then you would be justified in finding him guilty, but unless you do so find beyond a reasonable doubt you should find him not guilty."

"No. 9. It is not necessary for the prosecution to prove the exact time alleged in the information, but it must prove that the alleged crime was committed *within the County of Shawnee and State of Kansas* and within two years prior to the institution of this prosecution." (Italics supplied.)

Appellant's requested instruction No. 5 recited at some length the occasion of defendant's arrest; his being taken to the police station and questioned; that officers questioned him without advising him of his right to stand mute; his sending for his attorney; that defendant was not informed of his constitutional rights; that the county attorney and sheriff proceeded to carry on conversations with other witnesses as to defendant's whereabouts and identification and then used this evidence at the trial. The requested instruction No. 5 continues:

"The Court instructs you that under the Constitution of the State of Kansas and the Constitution of the United States, a defendant may stand mute and refuse to talk or answer questions and that such refusal raises no presumption of guilt and no inference of guilt may be drawn therefrom and that the State is not at liberty to ignore the election of the defendant either made by himself or his attorney, or to use any force or strategy to deprive the defendant of these constitutional rights."

In this connection appellant claims the court's refusal to give said instruction was error and cites *State v. Seward*, 163 Kan. 136, 181 P. 2d 478, in support of his contention. In that case a written confession of forgery and theft signed by defendant was received in evidence without any instruction as to the manner in which such confession should be considered by the jury. The Seward case is not in point here because in the instant case there was no confession obtained or introduced in evidence. For the same reason the instant case is not similar to *State v. Barnes*, 164 Kan. 424, 190 P. 2d 193. The record shows that while at the police station and sheriff's office on the night of defendant's arrest, the defendant denied being involved in any of the matters relating to the charge—he denied being at any of the taverns on the night of the crime—he denied knowing the complaining witness—he denied everything—and he made no admission or confession. Testimony pertaining to the denial as to his whereabouts on the night of the crime made to officers following his arrest, and inconsistent with his claim of innocence, were properly introduced as state's evidence and required no instruction to explain them. Such statements are exculpatory rather than incriminating. (*State v. Campbell*, 73 Kan. 688, 85 Pac. 784; *State v. Turner*, 82 Kan. 787, 789, 109 Pac. 654; *State v. Myers*, 154 Kan. 648, 653, 121 P. 2d 286; 20 Am. Jur. 269, § 284.)

The record before us also shows that defendant was not required to make any statements against his will. He testified that he knew he did not have to say anything but that he voluntarily gave false

answers to questions asked him by the officers. There is no indication in the record of infringement of defendant's personal rights. This requested instruction No. 5 concerning the events surrounding defendant's arrest was improper and the trial court properly refused to give it.

Appellant next complains that his requested instruction No. 6 was not given by the court. The requested instruction would have charged the jury in substance that when the defendant elected to stand upon his constitutional right to remain silent, all evidence thereafter obtained concerning him should be ignored by the jury. As previously stated, the record before us does not indicate, and appellant does not contend, that he, defendant, was compelled or coerced to make any statement against his will. He was held in custody and other persons (some later became witnesses) were brought in to identify defendant who had steadfastly denied knowing or ever having seen them on the night of the crime, or having that night visited the various taverns or recreational establishments. This procedure was regular and proper and did not violate defendant's constitutional rights. The trial court properly refused such requested instruction.

And finally, appellant urges that requested instruction No. 7 should have been given to the jury. In substance, this request would have charged the jury that the prosecution must honor and recognize the constitutional privileges and immunities of the accused, and that the prosecution may not ignore these privileges when defendant or his counsel have elected to claim them. As stated in appellant's brief, the purpose of this request was the same as in requested instruction No. 5 which has been discussed above. There was no evidence in this case to necessitate or justify the giving of said requested instruction, and it was properly refused by the trial court.

Appellant does not specify as error the overruling of defendant's motion for new trial. There appearing no grounds for reversal of the judgment, it is affirmed.