No. 38,964

THE STATE OF KANSAS, *Appellee*, v. LEROY MCMANAMAN, *Appellant*.

(258 P. 2d 997)

Opinion filed July 6, 1953.

*E. Lael Alkire*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Robert E. Southern*, county attorney, argued the cause, and *H. R. Fatzer*, attorney general, and *Loyd H. Phillips*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: LeRoy McManaman was tried on an information containing four counts—two of which charged crimes of robbery as defined by G. S. 1949, 21-527, and two of which charged crimes of grand larceny as defined by G. S. 1949, 21-533. He was con-

victed on one count of robbery, his motion for a new trial was denied and he was sentenced. In due time he perfected his appeal to this court.

Discussion of the claimed errors requires a short statement of the sequence of events which are not in dispute. The alleged crimes occurred on March 5, 1951. A warrant for the defendant was issued on April 13, 1951, and on September 13, 1951, he was arrested and taken before a justice of the peace where bond was fixed and the defendant released. After continuances a preliminary hearing was held on October 9, 1951, at which defendant, represented by attorneys Ratner and Nuss, was bound over to the district court for trial, a transcript of the proceeding being filed in the district court on October 16, 1951. On April 15, 1952, on his motion therefor, the district court permitted Ratner to withdraw as attorney for the defendant. An information charging two counts of robbery and two counts of grand larceny was filed May 29, 1952. On June 3, 1952, the case was called in the district court, the defendant appearing by his attorney Nuss, and set for trial on June 16, 1952. On June 11, 1952, defendant filed his notice of the plea of alibi. On June 12, 1952, defendant, by his attorneys Nuss and Nuss, filed his motion for a continuance stating those attorneys had recently become his chief counsel; that defendant had recently ordered a transcript of court proceedings in another county which could not be ready for use prior to the day set for trial and counsel had not had sufficient time to prepare for trial. The motion was allowed and the cause continued to September 8, 1952. On the latter day when the case was called, attorney Nuss was present and informed the court defendant was not present. Defendant's bond was forfeited, but shortly thereafter he appeared and a little later the forfeiture was set aside and the defendant was remitted to the custody of the sheriff. At this point attorney Nuss requested leave of the court to withdraw as counsel for the defendant, which request the court granted. The court then directed the defendant to stand and asked him if he had money to employ counsel and he replied he did not. Defendant was given time to talk with an attorney present in the court room, and later informed the court that attorney could not represent him. The court inquired if the defendant desired the court to appoint an attorney for him and he answered he did, and thereupon the court appointed two attorneys for the defendant. Defendant was arraigned and entered pleas of not guilty to each count of the information and the trial was continued to September

9, 1952. At the trial defendant's counsel moved to quash the information and after argument the motion was denied. Thereupon counsel for the defendant moved the court to compel the state to elect on which count of the information defendant should be tried. This motion was denied. Thereupon counsel for defendant moved for a change of venue, the motion being denied. Thereafter the state offered its evidence, which need not be reviewed as there is no contention it did not support the verdict. The state rested at 3:45 o'clock p. m. on September 10, 1952, and the trial was continued until the next day. On September 11, 1952, the defendant made his statement and introduced his evidence, which seems to have been mainly in support of his alibi. There was no rebuttal and the court read its instructions to the jury and then recessed until the following day. On September 12, 1952, when the court convened defendant moved for dismissal of one count charging grand larceny for the reason no evidence as to value of the property involved had been produced. The court sustained this motion, and on its own motion dismissed the other count charging grand larceny. It then reinstructed the jury, the matter was argued and the jury retired to consider its verdict. Later the jury returned its verdict finding defendant guilty of robbery in the first degree as charged in the first count of this information and not guilty of robbery in the first degree as charged in the second count. The court accepted the verdicts and granted defendant's request for permission to file a motion for a new trial. The motion was filed, heard by the court and denied, and the defendant perfected his appeal.

In this court appellant specifies as error (1) that he was deprived of his right to the effective assistance of competent counsel, and (2) that the trial court erred in not requiring the state to elect as to which of the several counts of the information it would proceed to trial. It is too plain to be subject to debate that if there was any error in either of the above instances it was a trial error which should have been brought to the attention of the trial court by the motion for a new trial. That motion did contain six reasons why a new trial should be had, but no one of the six is now presented and no one of the six even hinted at the questions of effective aid of counsel or of error in failing to compel the state to elect. Although stated in various ways, it has been repeatedly held that specifications of error not included in the grounds of a motion for a new trial and called to the trial court's attention cannot be considered on an appeal from a conviction in a criminal action. See, for examples, the late

cases of *State v. McAlister,* 139 Kan. 672, 33 P. 2d 314; *State v. Zeilinger,* 147 Kan. 707, 78 P. 2d 845; *State v. Penrose,* 148 Kan. 840, 84 P. 2d 846; *State v. Perkins,* 156 Kan. 323, 133 P. 2d 160; *State v. Smiley,* 167 Kan. 261, 206 P. 2d 115; and *State v. Hayes,* 169 Kan. 505, 219 P. 2d 442; and others cited in the above. Notwithstanding, we have carefully considered the contentions of error, and have determined that each is without merit.

Insofar as the effective assistance of competent counsel is concerned, the record discloses that at the time of his preliminary hearing, appellant was ably represented by attorneys Ratner and Nuss; that after about eight months Ratner was permitted to withdraw; that Nuss filed a plea of alibi and not until the cause came on for hearing a year after appellant's arrest and eleven months after his preliminary hearing was he without the counsel and advice of Nuss, who was permitted to withdraw on the day the cause was set for hearing. Appellant's device of not being able to agree with counsel of his own choosing, and then having the trial court appoint counsel for him did not have the effect of depriving him of the effective aid of counsel, nor was it any ground for a continuance of his trial (*State v. Smith,* 173 Kan. 807, 252 P. 2d 917). As a matter of fact the record discloses that the two attorneys appointed by the court did about all that was possible for an accused whose only defense was that he was elsewhere when the crime or crimes were being committed. The fact the jury did not believe his alibi witnesses cannot be charged to his counsel. There is nothing in the record to indicate counsel did not competently represent the appellant and fully present his defense. We have carefully examined *Hawk v. Olson,* 326 U. S. 271, 90 L. Ed. 61, 66 S. Ct. 116; *Tomkins v. Missouri,* 323 U. S. 485, 89 L. Ed. 407, 65 S. Ct. 370; *Powell v. Alabama,* 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527; and other cases cited by the appellant, and without reviewing them here, hold they do not support his contention.

Insofar as it is claimed there was error in the trial court's refusal to compel the state to elect on which count it would proceed and rely is concerned, we repeat that if there was any error it was a trial error. We note that this court has held that where two (or more) offenses charged arise out of the same transaction, it is not error not to require the state to elect (*The State v. Bussey,* 58 Kan. 679, 50 Pac. 891); that where the effect of an election is had by an instruction to the jury, the refusal to compel an election is not error

(*The State v. Taylor,* 90 Kan. 438, 133 Pac. 861); and that failure to require an election is immaterial where other counts are dismissed before the case is submitted (*The State v. Johnson,* 109 Kan. 239, 199 Pac. 104). Here the various counts arose from the same transaction, the trial court sustained a motion to dismiss one count, dismissed another count on its own motion, and submitted only two counts to the jury. The jury found appellant guilty of only one count. If there was any error, which is not conceded, it was cured by the verdict. See the analogous cases of *The State v. Fox,* 116 Kan. 180, 225 Pac. 1042, and *State v. Berry,* 125 Kan. 83, 262 Pac. 499.

The judgment of the trial court is affirmed.