No. 20,906.

THE STATE OF KANSAS, *Appellee*, v. LECK COWAN AND BANTY
McCULLOUGH, *Appellants*.

### SYLLABUS BY THE COURT.

CRIMINAL LAW — *Three Counts — Evidence Competent under Either
Count Admissible—Instructions.*  Evidence admissible to establish
one phase of a case and not of another may be received and its appli-
cation limited by the court in its instructions to the jury to the pur-
pose for which it is competent, and in the absence of the instructions
it may be assumed upon appeal that the court advised the jury that
the evidence was confined to the purpose for which it was competent.

Appeal from Cherokee district court; JAMES N. DUNBAR,
judge.  Opinion filed March 10, 1917.  Affirmed.

*Al. F. Williams*, of Columbus, for the appellants.

*S. M. Brewster*, attorney-general, and *F. W. Boss*, county at-
torney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  In an information containing three counts
Leck Cowan and Banty McCullough were jointly charged with
being persistent violators of the prohibitory liquor law.  One
count was for an unlawful sale and the other two charged the
maintenance of nuisances at two places, but the defendants
were convicted only of the sale.

Upon this appeal it is contended by the defendants that
there was error in permitting the introduction in evidence of
four search-and-seizure warrants issued against two places de-
scribed in the nuisance counts.  The objection is that the war-
rants tended to prove offenses other than those charged against
the defendants.  The warrants were evidently offered in sup-
port of the nuisance counts upon which no conviction was had.
In connection with the introduction of the warrants the sheriff,
in whose hands they were placed, testified that he went to the
places named to serve the warrants and found beer, whisky and
gin in considerable quantities, and these were found within the
times named in the information during which the defendants
were alleged to have maintained nuisances at these places.

The returns on the warrants of the liquors found at the places would not have been proof of the alleged nuisances, but the sheriff's testimony was that he found the liquors mentioned in the returns on the warrants, and his testimony was admissible as tending to establish the nuisance charges. In view of this testimony the statement in the returns on the warrants could hardly have been prejudicial to the defendants. The warrants which were introduced served to show the authority of the sheriff to make a search of the premises. It was within the province of the court to instruct the jury as to the application of the evidence to the several charges made against the defendants, and the defendants had the opportunity to ask the court to limit the application of the testimony; but in the absence of the instructions or any complaint of them it may be assumed that the jury were advised that the warrants should only be considered in connection with the nuisance charges, and as to these the defendants have been acquitted.

The evidence not being preserved it must also be assumed on this appeal that there was sufficient competent evidence of a first conviction and also of the sale of which the defendants were convicted.

The judgment is affirmed.