The State v. Stratton.

No. 21,544.

THE STATE OF KANSAS, *Appellee*, V. D. W. STRATTON,
*Appellant.*

SYLLABUS BY THE COURT.

1. ARSON — *Trial* — *Presence of Defendant* — *Absence of Jury to View
   Scene of Crime.* The statute providing that the defendant in a felony
   prosecution cannot be tried unless personally present during the trial
   does not forbid the sending of the jury to view the place of the
   alleged offense without his accompanying them; and if the provisions
   of the bill of rights that the accused shall be allowed to appear and
   defend in person and by counsel, and to meet the witness face to face,
   give him a right to accompany the jury on such a trip, he waives the
   right by failing to ask leave to exercise it.

2. SAME—*Absence of Jury to View Premises—No Request by Defendant
   to Accompany Jury—Waiver.* An objection by the defendant in a
   felony prosecution to the jury's being sent to view the place of the
   alleged offense, upon the ground, among others, that he has a right to
   be present at all the proceedings of the trial and to have the evidence
   presented by witnesses whom he meets face to face, does not amount
   to a request to be allowed to accompany them, and does not prevent
   his omission to make such a request from effecting a waiver of any
   right he may have in that regard.

3. SAME — *Jury Sent to View Premises* — *Changes in Premises* — *No
   Ground for New Trial.* The act of a prosecuting officer in making
   a change in the premises where the offense was alleged to have been
   committed held not to have been a ground for granting a new trial,
   inasmuch as the defendant testified to having himself restored things
   to their original condition before the inspection by the jury.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed June 8, 1918. Affirmed.

*J. H. Jenson,* and *S. L. Lashbrook,* both of Topeka, for the
appellant.

*S. M. Brewster,* attorney-general, and *Hugh T. Fisher,*
county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: D. W. Stratton was charged with arson in set-
ting fire to a dwelling house for the purpose of defrauding in-
surers. He was convicted, and appeals.

1. The principal claim of error arises out of the fact that at

the request of the state the jury were sent in charge of an officer to view the ruins of the house, no one else accompanying them. In some jurisdictions it is held, and in others denied, that to permit the jury in a felony case to inspect the premises where the offense is alleged to have been committed, in the absence of the defendant, violates his rights by preventing his being present throughout the trial, or by denying him the privilege of confronting the witnesses against him. (12 Cyc. 527; 8 R. C. L. 92; 13 Ency. of Ev. 971, 972; 3 Wigmore on Evidence, § 1803.) The author of the work last cited is strongly of the opinion that no right of the defendant is violated by the jury's being allowed to inspect the premises without his being present, because no witnesses are examined, and if the proceeding is a part of the trial it is not such a part as he is privileged to attend.

The statute with regard to the right of the defendant to be present at the trial reads:

"No person indicted or informed against for a felony can be tried unless he be personally present during the trial." (Gen. Stat. 1915, § 8121.)

So far as concerns that provision the matter is disposed of by *The State v. Adams*, 20 Kan. 311. It was there said that this statute is of no higher authority than that authorizing the jury to be conducted by an officer to the place in which any material fact occurred (Gen. Stat. 1915, § 8238), the language of which clearly implies that no one is to accompany them excepting the bailiff and a person appointed to show them the place. In the opinion it was said: "Though the defendant may not go with them into their place of retirement, he is present during that portion as well as the rest of the trial."

So far as relates to the provision of the bill of rights (§ 10) that "in all prosecutions, the accused shall be allowed to appear and defend in person or by counsel; . . . to meet the witness face to face," the Adams case determines that if those guaranties have any relation to the present situation they may be waived, and are waived by a failure on the part of the defendant to object to the procedure, and to ask leave to accompany the jury. It does not determine that the mere omission of the defendant to ask to be allowed to accompany the jury effects such a waiver, because the facts made the decision of

that question unnecessary. We think, however, the reasoning there. employed jutifies the conclusion that such an omission is sufficient in and of itself to effect the waiver, and that view finds support in decisions in other jurisdictions. (*Starr v. State*, 5 Okla. Cr. Rep. 440; *Whitley v. State*, 114 Ark. 243, 169 S. W. 952.)

2. In the present case, when the state asked that the jury be sent to view the premises the defendant objected, his reasons being shown by the record in these words:

"The defendant objects to the jury being taken away from the court room for the purpose of inspecting the premises alleged to have been burned for the reason that it denies to him the defendant, rights which are guaranteed to him by the constitution and the bill of rights of the state of Kansas, because it takes the jury away from the presence of the court, and because it takes them away from the presence of the defendant, because the defendant has a right to be personally present at all the proceedings of the trial and to be represented by attorneys at all the proceedings of the trial and to have all the evidence of the case presented by the sworn testimony of witnesses which he may meet face to face, and the right of cross-examination of those witnesses by his attorney, and to have all proceedings of the trial incorporated in the record."

The defendant did not ask to be allowed to accompany the jury, and we do not think his objection can be construed as amounting to such a request. If he had desired to go with the jury it was a very simple matter to have said so, and probably permission would have been granted. To us the record seems to suggest, not that the defendant desired to go to the burned house with the jury, but that he preferred not to ask that privilege lest it be granted, whereby he might use the benefit of his objection on an appeal, in case of conviction.

3. The defendant contends that he suffered prejudice from the visit of the jury to the scene of the alleged offense because the premises were not in the same condition as at the time of the fire, inasmuch as a deputy county attorney on the evening before had changed the position of two panels of a partly burned door. Such a change was shown, but the defendant testified that between the time it was made and the inspection by the jury he had himself visited the house and restored the panels to their original position. In view of that fact, the contention is necessarily unfounded.

It is also contended that the attorneys prosecuting the case dealt unjustly with the defendant by cross-examining him with

regard to the change made by him in the position of the door panels, without informing either him or the jury of the previous change made by the deputy county attorney. A statement of what had been done by that officer appears to have been made in the course of the state's argument to the jury, so that opportunity was afforded for clearing up any misconception of the matter that might otherwise have existed. We see no probability of the defendant's having been prejudiced by the episode.

The judgment is affirmed.