No. 27,860.

THE STATE OF KANSAS, *Appellee*, v. SAM MORRIS, *Appellant*.

No. 27,861.

THE STATE OF KANSAS, *Appellee*, v. JOHN J. MORRIS, *Appellant*.

(260 Pac. 629.)

SYLLABUS BY THE COURT.

1. FORGERY—*Information—Sufficiency.* In a criminal prosecution for forgery where the charge was made in the language of the statute but the usual words of good pleading "with intent to defraud" were omitted, and in defendants' motions to quash and other dilatory pleas their objection to the information was not fairly presented for the trial court's ruling thereon, such ruling forms no basis for reversible error on appeal.

2. The case of *State v. Gavigan*, 36 Kan. 322, 13 Pac. 554, overruled.

Appeals from Brown district court; C. W. RYAN, judge. Opinion filed November 5, 1927. Affirmed.

*Rex Etnyre,* of Hiawatha, and *W. E. Walsh,* of Kansas City, Mo., for the appellants.

*William A. Smith,* attorney-general, and *Caleb F. Bowron,* county attorney, for the appellee; *F. M. Pearl,* of Hiawatha, of counsel.

---

Criminal Law, 17 C. J. p. 68 n. 34. Forgery, 26 C. J. p. 933 n. 21; 12 R. C. L. 748. Indictments and Informations, 31 C. J. p. 771 n. 16.

The opinion of the court was delivered by

DAWSON, J.:   These are appeals from judgments of the Brown county district court in criminal prosecutions for forgery and passing a forged check.

. It appears that in December, 1926, the defendants, Sam and John J. Morris, came in an automobile to the filling station of the complaining witness in Hiawatha and purchased some gasoline which they paid for with a forged check purporting to bear the name of Charley De Roin and drawn on a Hiawatha bank for $8.

An information was filed against the defendants jointly in two counts, the first of which was for the crime of forgery in the second degree, and the second was for uttering a forged check with intent to defraud.

Motions to quash the informations on verbose and indefinite grounds were overruled, and defendants were put on trial separately. They in turn objected to the introduction of evidence "on the grounds set forth in defendants' motion to quash the information aforesaid." The court sustained the objection so far as it pertained to the second count, but overruled it as to the first. The cause then proceeded to separate trials of defendants on the first count of the information and verdicts of guilty were duly returned after defendants' motions for directed verdicts were severally overruled.

Defendants appeal from the adverse judgments and sentences pronounced on them; and the state conditionally asks consideration of the reserved question of law involved in the trial court's ruling on the second count of the information.

And first, as to the defendants' appeals. In this court, for the first time, defendants reveal the point involved in their motion to quash and in their objection to the introduction of evidence and in their motion for an instructed verdict. They say:

"The first count of the information failed to allege an intent to defraud."

It takes just a line and a half of type to tell this court what was the matter with the information. In the trial court they used a page of type to conceal that point.

In *State v. Bell*, 121 Kan. 866, 869, 250 Pac. 271, it was said:

"The rule has been frequently announced by this court, and should be applied here, that whenever a litigant has a meritorious proposition of law which

he is seriously pressing upon the attention of the trial court he must raise that point in such clear and simple language that the trial court can understand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal."

Moreover, the first count of the information was drawn in substantial conformity with R. S. 21-608, which is the pertinent paragraph of the crimes act defining the crime of forgery in the second degree as committed by defendants. In this paragraph the words "with intent to defraud" are not included. The crimes act deals generally with the crime of forgery and related felonies in article 6 of chapter 21 of the Revised Statutes, and includes some seventeen paragraphs in which "intent to defraud" is an express statutory element of the offense, but it likewise includes some eleven other paragraphs, like R. S. 21-608, which define and denounce different phases of the crime of forgery, and in each of which the words "with intent to defraud" are omitted. This feature of our crimes act was not clearly developed in *State v. Gavigan*, 36 Kan. 322, 13 Pac. 554, in which it was held that the absence of an allegation in the information that the forgery was perpetrated with intent to defraud was fatal to a conviction under another section of the crimes act (R. S. 21-628), notwithstanding the statute itself was silent thereon. In that case, also, the defendant was ordered discharged because of the want of this technical averment, notwithstanding the evidence supplied every element of proof to support the verdict and judgment—all of which goes to show that the administration of the criminal law has made substantial progress in the last forty years, for nowadays this court would not think of making such an order under the circumstances. Within the last year, this court upheld a conviction of murder in the first degree where the information merely charged the defendant with assault with intent to kill. (*State v. Baker*, 122 Kan. 552, 253 Pac. 221.) In the Gavigan case, *supra*, it was said, "Forgery is generally defined to be the fraudulent making or alteration of a writing to the prejudice of another man's right." (p. 326.) Substituting that meaning of the word "forge" in the information in the case at bar, it would allege that John J. Morris and Sam Morris . . . did then and there falsely, unlawfully, willfully, and feloniously make a fraudulent writing to the prejudice of another man's right, etc. What purpose would be served by adding thereto that such act was done with *intent to defraud?*

A good form book is a valuable adjunct to the office equipment of a prosecuting attorney, and he would do well to consult it before drawing an information in an important criminal case; but the day is past in this jurisdiction, we trust, when criminals can hope to go unwhipped of justice because of the want of a technical recital in a criminal information which neither misled nor prejudiced them in the preparation or management of their defense. There is no pretense here that defendants did not understand they were on trial for the fraudulent making of a writing—a check on a Hiawatha bank—to the prejudice of the owner of the filling station, and the bank, and the man whose name they wrote on the check. In such circumstances not only was the first count of the information sufficient, but the criminal code forbids this court to set at naught the judgments entered against defendants under the circumstances. (R. S. 62-1718.) In *State v. Fleeman,* 102 Kan. 670, 677, 171 Pac. 618, it was said:

"The code of criminal procedure was framed to supersede the common law with a more rational system. While it is defective in many respects, and in many others exhibits a conservatism which contrasts strongly with its general liberality, it is distinctively modern. The tradition of the common law, however, was so strong that it came near superseding the code. In time the code was rediscovered, and it is the purpose of the court to interpret and apply it according to its true intent and spirit."

The case of *State v. Gavigan,* 36 Kan. 322, 13 Pac. 554, is overruled, and the judgments of the district court on the verdicts of guilty on the first count of the information are affirmed.

Touching the state's reserved question on the quashing of the second count of the information, defendants' objections to that count were not revealed to the trial court. They now say it was bad for duplicity. It does not take many words to state their point of law once they get the notion to do so. We note, however, that the state waives its right to a review of its reserved question if the judgment against the defendants on the first count is upheld. Therefore the propriety of the trial court's ruling need not be decided; but a keynote to its correct solution will be found in an excerpt from *Rosekrans v. People,* 10 N. Y. (3 Hun) 287, quoted in *State v. Robinson,* ante, p. 245, 259 Pac. 691. See, also, *State v. Meade,* 56 Kan. 690, 44 Pac. 619; 31 C. J. 771-775.

The judgment is affirmed.