No. 28,803.

THE STATE OF KANSAS, *Appellee,* v. H. Z. HARRISON, *Appellant.*

(276 Pac. 818.)

Opinion filed May 4, 1929.

*H. S. Hines,* of Arkansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *H. V. Howard,* county attorney, and *George McNeish,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case, who was convicted of perjury as a witness in his own behalf in a narcotic case, appeals, alleging errors in the introduction of evidence as follows: First, that of the justice of the peace who testified as to the complaint filed with him, the arrest, trial, conviction and appeal, and presented the original complaint which was introduced in evidence; second, the introduction of the verdict of conviction in the district court in the narcotic case, and the remarks of the trial judge in ruling on the objection thereto; and third, the introduction of secondary evidence to show the pendency of the narcotic case in a court of competent jurisdiction, by permitting the clerk to testify as to the pendency of such case, the trial thereof, and the fact that the defendant testified in that case after having taken the oath as a witness administered to him by the clerk of the court.

The first and third of these errors complained of cannot be seriously considered because there was no objection made to the introduction of the evidence now criticized when it was offered and received at the time of the trial, nor is there anything to show that

the trial court's attention was called to these matters when the motion for new trial was heard. If error was committed in the introduction of such evidence, it was not such as to justify a reviewing court in considering the same without an objection to the introduction or directing the attention of the trial court thereto on the motion for new trial.

There was an objection made to the introduction of the verdict of conviction in the narcotic case, and, strictly speaking, we think it was immaterial and the objection should have been sustained.

Appellant objects to the remarks of the court in overruling the objection and admitting the verdict. When the remarks are segregated two parts of them are objectionable, but when taken all together and also in connection with the instructions we do not think the remarks are particularly misleading or prejudicial. The court does say the verdict is material only to show for what he was tried and convicted, and again that it is competent only for the purpose of showing that he was convicted. In the same remarks he further said: "It is not any evidence of his guilt, so far as that is concerned—it isn't for the purpose of showing or tending to show guilt in this case." All that the court in its instructions submitted to the jury along this line was whether or not the defendant was duly tried in the district court, and testified on that trial.

"Evidence admissible to establish one phase of a case and not of another may be received and its application limited by the court in its instructions to the jury to the purpose for which it is competent." (*State v. Cowan,* 100 Kan. 180, syl., 164 Pac. 183.)

Of course, appellant urges that the evidence of two former convictions on a narcotic charge, once in the justice of the peace court and later on appeal in the district court, presented him unnecessarily in a bad light before the jury, and to his prejudice in this case. The numerous convictions for narcotic offenses admitted by the defendant in his cross-examination in the narcotic case make this subject of conviction a very offensive one with him. Appellant's attorney did not try this case in the district court, and still a third attorney tried the narcotic case.

No motion for a new trial was filed in this case. The journal entry shows a motion for new trial was heard and overruled, but we have no intimation as to what, if any, matters were brought clearly to the attention of the trial court in that connection, so that the

court might have recognized the error, if any, and granted or refused a new trial with the alleged errors clearly in mind.

"But apart from that, the rule has frequently been announced by this court and should be applied here, that whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he must raise that point in such clear and simple language that the trial court can understand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." (*State v. Bell,* 121 Kan. 866, 869, 250 Pac. 281. See, also, *State v. Clough,* 70 Kan. 510, 79 Pac. 117; *State v. Winters,* 81 Kan. 414, 105 Pac. 516; *State v. O'Brien,* 114 Kan. 703, 220 Pac. 208.)

The ruling above quoted applies strictly to the record in this case, and the error complained of is not properly here for review. In the same connection, however, it might be further noted that there was no objection at the time the remarks were made by the trial judge, including the purpose of showing conviction as well as trial. If this matter was purposely left in that way it should remain so on review, but if it was simply overlooked, then, applying the rule as to the substantial rights of the defendant being prejudicially affected thereby, we think such a situation is not shown in this case. ·

"Even the violation of an express statutory inhibition will not work a reversal unless the court is able to say, the whole record considered, that a substantial right was prejudicially affected." (*State v. Farrar,* 103 Kan. 774, 776, 176 Pac. 987.)

"Under this statute it has been repeatedly held that to cause a reversal of a judgment in a criminal action the error committed must affect a substantial right of the defendant." (*State v. Peterson,* 102 Kan. 900, 902, 171 Pac. 1153.)

"Several items of testimony erroneously admitted are considered and found to be unimportant, and it is held that the substantial rights of the defendant were not affected by the admission of such testimony." (*State v. Hoerr,* 88 Kan. 573, syl. ¶ 5, 129 Pac. 153.)

The judgment is affirmed.