No. 33,744

THE STATE OF KANSAS, *Appellee*, v. LEO H. ZEILINGER, *Appellant*.

(78 P. 2d 845)

Opinion filed May 7, 1938.

*Paul H. Royer,* of Abilene, *Aubrey G. Dresie* and *John H. Gerety,* both of Wichita, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, and *John H. Lehman,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: Leo H. Zeilinger was prosecuted on the charge of statutory rape upon Frances Hoey, a female under the age of eighteen years. He was found guilty and appeals.

The complaining witness, Frances Hoey, is a stepdaughter of the defendant and was thirteen years of age at the time the offense was committed.

The information was in three counts. The first count charged an offense on the —— day of January, 1937; the second count charged an offense on February 13, 1937; the third count charged an offense on February 15, 1937. The second count was dismissed. The defendant was tried, and the jury returned a verdict finding the defendant guilty as charged in the third count of the information.

Defendant contends the trial court erred in refusing to allow the defendant to cross-examine the complaining witness in regard to an alleged act of intercourse on February 13, 1937. It has been repeatedly held that the extent to which a witness may be cross-examined is largely in the discretion of the trial court, and that unless prejudice is shown, or that the court abused its discretion, there will be no reversal. (*State v. Owen*, 124 Kan. 533, 261 Pac. 600; *State v. Allen*, 98 Kan. 778, 160 Pac. 795; *State v. Smith*, 114 Kan. 186, 217 Pac. 307; *State v. Pfeifer*, 143 Kan. 536, 56 P. 2d 442.)

The second count of the information had been dismissed, and the record does not show that the alleged offense on that date had been touched upon in the direct examination. (*State v. Moore*, 110 Kan. 732, 205 Pac. 644; *State v. Long*, 103 Kan. 302, 175 Pac. 145.)

We think there was no abuse of discretion by the trial court in limiting the scope of the cross-examination.

Defendant further argues that the evidence as to the offense on February 13 was competent to show the physical condition of the complaining witness. However, the defendant failed to introduce any evidence, either by affidavit or otherwise, on the motion for a new trial or on the motion for a rehearing on the motion for a new trial, showing what her physical condition was, and under the statute is precluded from raising the question on this appeal. (G. S. 1935, 62-1414, 60-3004; *State v. Vandruff*, 125 Kan. 496, 264 Pac. 1060.)

Defendant objects to the testimony of the witness Issitt, which was offered by the state in rebuttal on the motion to rehear the motion for a new trial. The name of this witness was not endorsed on the information. The testimony of Issitt consisted of an admission made by the defendant and was offered in rebuttal of the recanting testimony of the complaining witness. The trial court ruled that this testimony had a "bearing upon the question whether or not this girl told the truth." We think the testimony was ad-

missible for that purpose. (*State v. Turner*, 121 Kan. 364, 247 Pac. 427.) It was not necessary that the name of this witness should have been endorsed on the information. (*State v. Morris*, 131 Kan. 282, 291 Pac. 742; *State v. Wood*, 118 Kan. 58, 233 Pac. 1029; *State v. Tassell*, 87 Kan. 861, 126 Pac. 1090.)

At the hearing on the motion for a new trial, Doctor Kirby testified that he had been treating the defendant in the early part of March, 1937, and that his physical condition was such that he could not have committed the crime as charged. The trial court ruled that this statement was not newly discovered evidence—that, if true, it was known by the defendant at the time of the trial. There was no error in refusing a new trial on this testimony. (*Morgan v. Bell*, 41 Kan. 345, 21 Pac. 255; *Thisler v. Miller*, 53 Kan. 515, 36 Pac. 1060.)

It is asserted that the defendant did not have a fair and impartial trial for the reason that the jury apparently acted under the influence of passion and prejudice. A careful study of the record fails to disclose any basis for this assertion. Besides, it does not appear that any evidence showing the jury acted under passion and prejudice was introduced at the hearing on the motion for a new trial, or on the motion to rehear that motion. Any errors in the trial which are not clearly presented on the motion for a new trial are unavailing on appeal. (*State v. Harrison*, 128 Kan. 284, 276 Pac. 818; *State v. Bell*, 121 Kan. 866, 250 Pac. 281.)

Finally, it is insisted the court erred in overruling the motion for a rehearing on the motion for a new trial. The point is based on the recanting affidavit of the complaining witness and her testimony given on the motion to hear the motion for a new trial. It appears that the recanting affidavit of the complaining witness was made after the defendant himself conveyed her to Wichita, and was sworn to in the office of defendant's attorneys. In the recanting affidavit the witness stated that her original story of the crime was prompted by the undersheriff Hubbard. However, on cross-examination on the motion for a rehearing she admitted the officer advised her to tell the truth. Her recanting affidavit was refuted by the testimony of former undersheriff Robert Hubbard, Probate Judge D. W. Nickels, secretary to the probate judge, Oleta Aker, chief of police Delmar Nelson and marshal William Issitt. The girl admitted that she related the facts regarding the offense to a number of persons when she was brought to the sheriff's office on March 2.

She made a statement again at the preliminary hearing in March and again told her story at the trial in September, which was six months later. The whole matter could not be summed up better than was stated by the trial court at the time the court overruled the motion to rehear the motion for a new trial. The concluding statement of the court was:

"But when the court is confronted with the proposition of her having made this statement to the sheriff, of having made it to the county attorney, of having made it to the probate judge, of having testified to it upon the preliminary examination, and having testified to it in court, and then he is to set over against that her statement made when she is conveyed by the defendant to the office of his lawyer, which time shall the court say she told the truth? That is the situation. That is what confronts the court at this time.

"I think the motion for a rehearing should be denied, and that will be the order of the court."

It is only in extraordinary and unusual cases that the court should grant a new trial because of the recanting testimony of the complaining witness on the motion for a new trial. We have examined the testimony and cannot say the court erred in refusing a new trial. (*State v. Birzer*, 126 Kan. 414, 268 Pac. 842.)

Finding no error in the record, the judgment must be affirmed. It is so ordered.