## No. 36,859

THE STATE OF KANSAS, *Appellee*, v. HOMER R. MOSLEY and FRANK SCHULTZ, *Appellants*.

(183 P. 2d 877)

ISAAC N. WILLIAMS, judge. Opinion filed August 9, 1947.

*John B. Byrant,* of Wichita, argued the cause and was on the briefs for appellant Homer R. Mosley, *Ben J. Bonner, Jr.,* of Wichita, was on the briefs for appellant Frank Schultz.

*W. Jay Esco,* deputy county attorney, argued the cause, and *Edward F. Arn,* attorney general, *Harold H. Malone,* county attorney, *Paul V. Smith, E. Lael Alkire* and *Frank A. Malone,* deputy county attorneys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendants, Homer R. Mosley and Frank

Schultz, were charged jointly with maintaining a common nuisance in violation of G. S. 1935, 21-2130, which provides:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense."

Both defendants were convicted and have appealed. The appeal is only from the final judgment. The only specification of error is:

"The verdict of the jury is not sustained by the evidence in this case."

Appellants filed no motion to discharge them on the ground now alleged as error. They permitted the jury to pass on their innocence or guilt. They made no objection to the instructions given and make none now. The jury returned a verdict of guilty.

The specification of error is a ground for a new trial under the criminal code. (G. S. 1935, 62-1603 [Fifth].) It appears some motion for a new trial was filed and overruled. The motion is not abstracted. Its grounds are not stated. We are therefore not advised whether the complaint now made was included in that motion. Furthermore, there is no contention now that the trial court erred in overruling that motion. Thereafter judgment was rendered on the verdict.

It repeatedly has been held an *objection to a judgment* of the district court that it is not supported by the evidence cannot be considered or sustained by the supreme court, unless a motion for a new trial founded on that ground has been made and overruled by the district court. (*McNally v. Keplinger,* 37 Kan. 556, 15 Pac. 534; *Rierson v. Southern Kansas Stage Lines Co.,* 146 Kan. 30, 33, 69 P. 2d 1; *Robinson v. Davis,* 162 Kan. 44, 46, 174 P. 2d 111, and cases therein cited.) That rule, of course, does not apply where there is an appeal from a previous ruling on a demurrer to the evidence which raises the same question. Here there was no such previous ruling.

G. S. 1935, 62-1605, provides:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a verdict of guilty or finding of the court, and may be granted by the court for either of the following causes: *First,* that the grand jury who found the indictment had no legal authority to inquire into the offense charged, by reason of it not being within the jurisdiction of the court; *second, that the facts stated do not constitute a public offense."* (Our italics.)

The record here also fails to disclose the point now urged was raised on a motion in arrest of judgment. There is no contention such a motion was filed and, if it was, there is no contention it was improperly overruled.

On behalf of appellants it is argued they are merely presenting a question of law on this appeal. We are not unmindful of the fact that it ordinarily is neither necessary nor proper to file a motion for a new trial in order to obtain a ruling on a pure question of law previously presented and that a ruling on a demurrer to evidence or on a motion tantamount to a demurrer to evidence is an appealable order. The difficulty in the instant appeal is that the record fails completely to show the trial court was ever requested, in any manner, to pass on the point urged on appeal. Had the point been presented and ruled at some stage of the proceedings a timely appeal from the final judgment would probably render the ruling open to review on appeal under the present statute of the civil code. (G. S. 1945 Supp. 60-3314a; *Arnall v. Union Central Life Ins. Co.,* 157 Kan. 535, 142 P. 2d 838.) Assuming, without deciding, the statute is applicable to criminal cases, it manifestly was not intended to permit a reversal of a judgment on a question of law never presented to the trial court.

*State v. Bell,* 121 Kan. 866, 869, 250 Pac. 281, was a felony case where the state overlooked the matter of proving venue. Counsel for defendant interposed no objections, or none sufficiently clear for the trial court to discern the point. This court said:

". . . the rule has frequently been announced by this court and should be applied here, that whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he must raise that point in such clear and simple language that the trial court can understand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal." (p. 869.)

To the same effect are *State v. Cary,* 124 Kan. 219, 257 Pac. 719; *State v. Morris,* 124 Kan. 505, 260 Pac. 629; *State v. Woodman,*

127 Kan. 166, 168, 272 Pac. 132; *State v. Pyle,* 143 Kan. 772, 782, 57 P. 2d 93; *State v. Zeilinger,* 147 Kan. 707, 78 P. 2d 845; *State v. Owen,* 161 Kan. 361, 168 P. 2d 917.

It is well to be mindful of the results which might follow in other criminal cases if a judgment of conviction may be reversed by this court on the point here involved when it was never presented to the trial court. A materially different situation arises, for example, where a clearly erroneous instruction is given to the jury in a criminal case. In that situation a reversal with directions to grant a new trial does not release the defendant. But here appellants do not want a new trial. What they want is a judgment of acquittal from this court. If appellants should be correct in their contention they would, of course, be entitled to an absolute and immediate release. The trial court would have no opportunity to rule on the sufficiency of the evidence and the state would be deprived of all opportunity to supplement its evidence, if additional evidence was necessary and available. The criminal code was not intended to be thus circumvented. It was designed to afford full opportunity for the assertion of every right before the trial court and to have its rulings reviewed in this court to the end that justice, and not injustice, should prevail. We think appellants have waived their right to be heard on the question presented.

Having reached the foregoing conclusion it manifestly would be improper to discuss the evidence. In passing we may, however, say an examination of the record convinces us, that if a review of the record were proper, we would be obliged to affirm the judgment.

The appeal is dismissed.