No. 37,973

STATE OF KANSAS, *Appellee*, v. FAYE HAYES, *Appellant*.

(219 P. 2d 442)

Opinion filed June 10, 1950.

*Elisha Scott, Sr.*, of Topeka, argued the cause, and *John J. Scott*, and *Charles S. Scott*, both of Topeka, were with him on the briefs for the appellant.

*Lee Hornbaker*, county attorney, argued the cause, and *Harold R. Fatzer*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The defendant was charged under the provisions of

G. S. 1935, 21-938, with keeping and maintaining a house where prostitution was practiced, permitted, or allowed on premises under her control. At the close of a hotly contested trial a jury found her guilty of that offense. Later, her motion for a new trial having been denied, she perfected this appeal.

The issues involved are such that there is no necessity for burdening our reports with the sordid facts disclosed by the record.

Three of appellant's four specifications of error relate to alleged trial errors which, although they were set forth in her motion for a new trial, were not urged or relied on as grounds for the allowance of such motion at the time it was presented to the trial court and hence are of no avail to her on appellate review.

The rule in this jurisdiction is well established that reversible error cannot be predicated on trial errors which were not pressed on the trial court's attention on the hearing of a motion for a new trial (State v. Wassenberg, 114 Kan. 692, 220 Pac. 214; State v. Harrison, 128 Kan. 284, 276 Pac. 818; State v. Toelkes, 128 Kan. trial (State v. Wassenberg, 114 Kan. 692, 220 Pac. 214; State v. Zeilinger, 147 Kan. 707, 78 P. 2d 845; State v. Mosley, 163 Kan. 530, 183 P. 2d 877.)

Appellant presented and argued but one of the grounds of her motion for new trial. She challenges the propriety of the trial court's action, in holding that her claims with respect thereto did not warrant the granting of a new trial, by a fourth and final specification of error which reads:

"That the Court should grant a new trial in the above entitled case because the defendant was denied six challenges as provided by law in such cases made and provided and the same was called to the attention of the Court on the fourth challenge notwithstanding the truth of an attempted stipulation between the county attorney and attorney for defendant. The record shows the whole truth, but the defendant now claims she did not understand the explanation about the Court going to declare a mistrial which was explained to her in the clearest English that the attorney for Defendant knew."

The basic facts upon which the foregoing assignment of error must stand or fall are not in conflict. Appellant was charged with an offense punishable by imprisonment in the state penitentiary and under the statute (G. S. 1935, 62-1402 [third]) was entitled to six peremptory challenges at the time the jury was being selected. For some reason, unexplained by the record, the trial court limited her to four such challenges. After the state had adduced its evidence and rested its case the court took a recess and conferred with attor-

neys for the respective parties. What happened thereafter is best reflected by the record which reads:

"The Court: (In the judge's office) Take this and see if it is satisfactory. Let the record show that after the State had rested and before counsel for defendant had made his statement to the jury the court announced in the absence of the jury that error had been committed by the court in limiting the number of challenges to four instead of six, as provided by the statute; that thereafter and after counsel for defendant had conferred with his client it was stipulated by the county attorney and counsel for defendant that the defendant waived the error, waived her right to exercise the fifth and sixth challenges, as provided by law, and agreed to proceed with the trial before the jury as selected and sworn.

"Mr. Scott: What do you say, Mr. County Attorney?

"Mr. Hornbaker: I am willing to waive it.

"Mr. Scott: All right. So am I. So am I."

The trial then proceeded. Appellant adduced her evidence, the appellee its rebuttal evidence and the cause was submitted to the jury which, in due time, returned its verdict of guilty.

What took place at the hearing on the motion for a new trial in the presence of the appellant is important in that it has a direct bearing upon her claim that she did not understand the situation resulting in her waiver of the error committed by the trial court in limiting the number of peremptory challenges to which she was entitled under the statute. The record discloses that in the presentation of such motion her counsel (Elisha Scott) made the following statement:

"His honor called me in and nobody who sits here can question your sincerity and your ability, especially your honesty, and you said to me, 'Elisha, the court has committed a fatal error in this case and I am going to declare a mistrial.' I and Mr. Hornbaker had a conference and he proposed that I waive it. I didn't want to waive it. It is something I never have done in my entire practice, in my entire career as a practicing lawyer. I conferred with my client Faye Hayes and she's the one that said, 'Waive it, let's settle it before this jury,' contrary to my thought. In these sort of cases you take advantage of every remedy in behalf of the defendant. But that was her thought, so I did. I agreed with her, very much to my sorrow."

Counsel for appellant now insist that the judgment should be reversed and a new trial granted. The gist of his claim is that the right to peremptory challenges in a criminal prosecution cannot be waived. Let us see.

Persons charged with the commission of crime in this state are guaranteed certain fundamental rights under our constitution (Bill of Rights, § 10) and have been granted others under supplementing

statutes. Without regard to their source this court had repeatedly held that the rights so accorded are mere personal privileges which may be waived at the option of the defendant in a criminal proceeding. To illustrate: The right to be tried by an impartial jury of the county or district in which the offense is alleged to have been committed (*State v. Potter*, 16 Kan. 80; *In re Mote*, 98 Kan. 804, 160 Pac. 223); the right to be present at all times during the trial (*State v. Stratton*, 103 Kan. 226, 173 Pac. 300; *State v. Van Wormer*, 103 Kan. 309, 173 Pac. 1076; *State v. Maxwell*, 151 Kan. 951, 958, 102 P. 2d 109); the right to appear and defend in person or by counsel and to be tried by a jury (*Fairce v. Amrine*, 154 Kan. 618, 628, 121 P. 2d 256; *Jones v. Amrine*, 154 Kan. 630, 121 P. 2d 263); the right to trial by a jury of twelve persons and consent to a lesser number (*State v. Scott*, 156 Kan. 11, 131 P. 2d 664); and the defense of prior jeopardy (*State v. Carte*, 157 Kan. 139, 138 P. 2d 429.)

While it is true, as appellant's counsel points out, there is no case in this jurisdiction expressly holding that the defendant in a criminal action may waive any or all of the peremptory challenges to which he might be entitled under the statute, it must be conceded the right to exercise such challenges is no more important than the other rights to which we have referred and which we have held may be waived. Therefore, under our own decisions, we have little difficulty in concluding that such right is also a personal privilege which may be waived by the voluntary and intentional act of the person entitled thereto.

There remains the question whether the waiver in the instant case was voluntary and intentional. Under the conditions and circumstances heretofore related we think there can be no question but what it was. It necessarily follows the trial court did not err in overruling the appellant's motion for a new trial.

We find nothing in the record which would warrant a reversal of the judgment. It is therefore affirmed.

HARVEY, C. J., concurs in the result.