No. 40,141

STATE OF KANSAS, *Appellee*, v. GRANT TETER, alias GRANT MARTIN, JAMES H. JOHNSON, *Appellants*.

(803 P. 2d 164)

Opinion filed November 3, 1956.

The appellants were on the briefs *pro se*.

*John Anderson, Jr.*, Attorney General, *W. R. Mathews*, County Attorney, and *Ted Templar*, Deputy County Attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Grant Teter (sometimes referred to as Grant Teeter), alias Grant Martin, Emma Johnson and James H. Johnson were prosecuted and, after a trial by jury during which they were represented by an attorney of their own choosing, convicted upon a charge of having, on the ____day of March, 1955, unlawfully and feloniously, and in the nighttime, stolen and carried away 210 cartons of cigarettes of the approximate value of $400, belonging to L. W. Coad, from an enclosed panel truck which at the time of such theft was parked on the city streets of Winfield in Cowley County, Kansas. Following return of the verdict a motion for a new trial was overruled and sentence was imposed on each de-

fendant. Defendants' counsel then presented an application for a parole for Emma Johnson which was ultimately granted. Thereafter the defendants, Grant Teter and James H. Johnson, who had been confined in the state penitentiary, gave notice, through their attorney, of an appeal from the order of the trial court overruling their motion for a new trial.

After the appeal reached this court defendants' counsel moved for additional time in which to file an abstract and brief. This motion was granted, the order being that the appeal would be dismissed if the abstracts and briefs were not filed by April 10, 1956. Neither abstract nor brief was filed within the time given. Thereupon the appeal was dismissed on April 11, 1956, and the mandate issued in due course. Shortly after issuance of the mandate the defendants filed separate motions wherein they indicated dissatisfaction with their attorney, moved that the appeal be reinstated and requested that they be permitted to file longhand abstracts and briefs *pro se*. This motion was allowed, the court's mandate was recalled and defendants were granted permission to file their abstracts and briefs on or before July 15, 1956. Following the filing of separate abstracts and briefs, within the time allowed, defendants were permitted to file supplemental briefs. Thereafter the state filed its counter-abstract and brief and in due time the cause was submitted.

Before turning to the merits of the appeal we pause here to point out that the abstracts and briefs filed by the defendants contain similar language, present identical questions, and for that reason can and will be considered and referred to throughout the remainder of this opinion as if such defendants had presented their cause to this court in joint instruments.

The appellate issues involved are such there is no necessity for burdening our reports with an extended factual statement. For that reason the facts will be referred to only when they are essential to the disposition of specific questions entitled to review.

At the outset it should be stated the great majority of the claims of error relied on by the appellants relate to alleged trial errors, obviously the product of afterthought, which were not ever set forth in their motion for a new trial and were neither argued nor relied on as grounds for the allowance of such motion at the time it was presented to the trial court.

In criminal cases the established rule of this jurisdiction, although

it has been stated in various ways, is that reversible error cannot be predicated on trial errors which were not brought to the trial court's attention on the hearing of a motion for a new trial. See, e. g., *State v. Wassenberg,* 114 Kan. 692, 220 Pac. 214; *State v. Harrison,* 128 Kan. 284, 276 Pac. 818; *State v. Toelkes,* 128 Kan. 293, 278 Pac. 20; *State v. Zeilinger,* 147 Kan. 707, 78 P. 2d 845; *State v. Mosley,* 163 Kan. 530, 183 P. 2d 877; *State v. Hayes,* 169 Kan. 505, 219 P. 2d 442.

For more recent decisions where such rule has been stated, discussed and applied see *State v. McManaman,* 175 Kan. 33, 258 P. 2d 997, which holds:

"Specifications of error not included in the grounds of a motion for a new trial and called to the trial court's attention cannot be considered on an appeal from a conviction in a criminal action." (Syl. ¶ 1.)

Also *State v. Messmore,* 175 Kan. 354, 357, 264 P. 2d 911, where it is said:

". . . Alleged errors not fairly presented to a trial court for ruling form no basis for reversible error on appellate review. (*State v. Morris,* 124 Kan. 505, 260 Pac. 629; *State v. Mosley,* 163 Kan. 530, 532, 183 P. 2d 877.)" (p. 357.)

Our consideration of claims of error advanced by appellants will be restricted to matters which the record discloses are subject to appellate review under the rule announced in the foregoing decisions.

Grounds relied on in the motion for a new trial will be considered in the order of their importance.

1. Appellants' principal claim of error is that the verdict of guilty returned by the jury was not sustained by the record.

Among other things the state's evidence disclosed that L. W. Coad, complaining witness, was a wholesale merchant selling candy, tobacco, cigarettes, cigars, gloves and other miscellaneous items; that he owned a 1953 Chevrolet truck used in delivering such merchandise; that on March 12, 1955, he and other employees inventoried out a load of merchandise, including 998 cartons of cigarettes ranging in price from $1.96 to $2.14 per carton, and other items of merchandise such as candy and peanuts, not here important; that the cigarettes all stamped with the No. 26577, the number issued Mr. Coad by the State of Kansas as a cigarette dealer, and the other items of merchandise referred to were loaded in the Chevrolet truck on that day; that on the morning of March 14, 1955, Mr. Coad's attention was called to the fact that the truck had

been broken into and some of the cigarettes and other merchandise were missing; that Mr. Coad made a personal investigation of the situation and discovered that the truck had been broken into, by removing the lock from the door of the merchandise department of such truck, and that 210 cartons of cigarettes and other merchandise, describing it, had been taken from such truck; that Mr. Goad then made a complaint to the officers who made an investigation resulting in the arrest of the two involved appellants and Emma Johnson.

Further evidence of the state was to the effect that following the arrest of such parties, and while they were confined in the county jail, a search and seizure warrant was obtained from the court for the purpose of searching the premises occupied by Grant Teter, Emma Johnson and James H. Johnson, who all resided together in the city of Winfield; that a search was then made of such premises by members of the Cowley County Sheriff's force and the Winfield Police department; that during that search numerous cartons of cigarettes of various brands, all bearing No. 26577 were found at various places in the house occupied by such parties; that some were stored in the oven, some in the pantry, some in a partial loaf of bread, some in the lower compartment of the refrigerator (where the motor and refrigerating unit were located), and some were found in a fertilizer sack which was stored in the attic of the residence; that other items of merchandise, similar to those which had been taken from the Chevrolet truck, were found stored in a number of places about the house, such as in the refrigerating compartment, post toastie boxes, drawers and like places.

Other evidence by the state came from the lips of a citizen of Oxford, Kansas, who testified that he operated a service station in that city and that on March 14, 1955, a man, who he identified as Grant Teter, then sitting at the defendants' counsel table, offered to sell him cigarettes at a decidedly lower price than the wholesale price on that merchandise. The same witness also testified that he later saw this same man returning to an old dark colored Plymouth, or at least a Chrysler product, automobile where a woman was standing by the car and another person sitting there. In addition to this testimony the state produced evidence that at the time the three parties in question were arrested in Udall, Kansas, they were all riding in a 1940 Plymouth belonging to James H. Johnson, and at that time certain tools, to be hereinafter mentioned, and a rifle were found in the car in their possession.

In the face of the foregoing evidence and other testimony, which need not here be related, we are forced to conclude that appellants' contention the evidence was not sufficient to sustain the verdict cannot be upheld. This, we may add, is true even though Emma Johnson, the only defendant in the court below to testify as a witness, took the stand and testified she did not have any knowledge of any excessive amount of cigarettes being stored at her home, did not know how the cigarettes found there by the officers happened to be located in such odd places, and did not have any knowledge about the candy, peanuts and other merchandise that the officers also found stored on the premises. This court cannot resolve conflicts in the evidence and, once those conflicts have been determined by the jury as the trier of facts, it cannot disturb a verdict of guilty so long as there is substantial competent evidence to uphold it (see *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451; *State v. Stout*, 175 Kan. 414, 264 P. 2d 1056).

2. Two grounds of the motion for a new trial relate to alleged error in the admission of evidence. One is based on the admission in evidence of an axe, tools, screw drivers, knives, lug wrenches, power tools and small crowbars, found in the automobile at the time of the arrest and offered by the state for the purpose of showing that the involved parties possessed the equipment and facilities required to remove the lock and break into the Chevrolet truck. The other is predicated on the premise the cartons of cigarettes, candies and other merchandise found at their home by the officers while acting under the direction of a search and seizure warrant was not admissible. Under the facts and circumstances disclosed by the record we know of no sound reason for upholding either of the foregoing contentions and refuse to do so.

3. Another ground relied on for the granting of a new trial is that the parties defendant in that proceeding had discovered evidence, material to their defense, which they did not, and with reasonable diligence could not, discover and produce at the trial. The record discloses no showing that evidence of this character was available on the hearing of the motion for a new trial. Therefore this claim lacks merit and cannot be upheld (West's Kansas Digest, Criminal Law, §§ 938, 939).

4. After an extended examination of the entire record, and careful consideration of all arguments advanced with respect thereto, we have been unable to find anything in the facts as presented on appellate review to warrant conclusions, as contended for by appel-

lants, that they were deprived of a fair trial (1) because of misconduct on the part of the county attorney or (2) by any error on the part of the trial court in overruling objections made by their attorney to questions asked by the county attorney on grounds such questions were leading and suggestive.

We find nothing in the record or in arguments advanced respecting the appellate issues involved to require, warrant or permit disturbance of the judgment. Therefore it must be and is hereby affirmed.