No. 41,943

STATE OF KANSAS, *Appellee* and *Cross Appellant*, v. KENNETH E. TAGUE, *Appellant*.

(363 P. 2d 454)

Opinion filed July 8, 1961.

*Patrick J. Warnick,* of Wichita, argued the cause, and *Alan B. Phares,* of Wichita, was with him on the briefs for the appellant.

*Keith Sanborn,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *R. K. Hollingsworth,* deputy county attorney, were with him on the briefs for the appellee and cross appellant.

The opinion of the court was delivered by

JACKSON, J.: The defendant, who is the appellant in this appeal, was charged in the court below in an information containing three counts. It was alleged that defendant had violated G. S. 1949, 21-916, 21-915, and 41-803. After trial by jury, the defendant was convicted under sections 21-916 and 41-803, and was acquitted of violating section 21-915. The first two sections mentioned in the information constitute felony charges relating to the operation of a gambling house. Section 41-803 defines the misdemeanor of operating an "open saloon." It may be noted that section 21-916 specifically prohibits setting up of various and sundry gambling devices and permitting such devices to be used for gaming in a

house or building under control of the defendant. The time covered by the information was from February 6, 1959 to June 12, 1959.

It was further charged that the violations of the statutes had taken place at premises referred to as the Blue Note Ballroom and Aero Club and also at the Key Club. Both of these places were located in the city of Wichita.

It should be noted that the state has filed a cross appeal in this case, but we shall deal with it after disposing of the defendant's appeal.

In defendant's abstract twelve assignments of error are made, but in his brief only three matters are argued. Therefore, under our rules, the other assignments are deemed to have been waived (*State v. Owen,* 161 Kan. 361, 168 P. 2d 917; *Ferrellgas Corporation v. Phoenix Ins. Co.,* 187 Kan. 530, 358 P. 2d 786, and cases cited).

The first two sections of defendant's brief may be covered together. It is first argued that the trial court erred in failing to instruct the jury upon the provisions of G. S. 1949, 21-934, a misdemeanor, as a lesser offense included in the two felony charges specified in the information of the state. It is then argued that the trial court should have granted a new trial because of this failure to instruct upon a lesser offense.

In discussing this question, it should be said first that defendant's competent counsel does not endeavor to mislead this court, but frankly admits that no request was made asking the trial court to instruct the jury as to any lesser offense. In fact, it was only in an amendment of the motion for new trial that any ground which could be thought to include this matter was set out in the motion. We understand, and the abstract so indicates, that the matter of lesser offenses was not argued to the trial court on the motion for new trial. However, defendant now argues the trial court erred in failing to instruct the jury upon the matter of lesser offenses. Defendant relies especially upon G. S. 1949, 62-1447 which imposes the duty to instruct the jury upon "all matters of law which are necessary for their information in giving their verdict," and especially upon the cases of *Craft v. The State,* 3 Kan. 450*; and *State v. Winters,* 81 Kan. 414, 105 Pac. 516.

It must be noted that the Craft case involved a charge of first degree murder where defendant had killed a friend in a drunken fight and had been sentenced to death. The defendant at least argued on motion for new trial that the jury should have been in-

structed upon the crimes of murder in the second degree and upon the four degrees of manslaughter and may have raised the question before that time in the trial. Quite obviously, this court should and did grant the defendant a new trial.

Neither do we believe that the Winters case is authority which would show that the defendant in the case at bar has not waived any right to have instructions on lesser offenses given. In the Winters case, the defendant was convicted of assault with a deadly weapon, and argued that the jury should have been instructed upon the crime of simple assault and other lesser offenses. The court held that the defendant waived any right which he may have had in that respect. In the third paragraph of the syllabus of the Winters case will be found the following rule:

"Generally a verdict of guilty of a higher offense or degree, based upon satisfactory evidence and correct instructions relating to it, renders error in giving or refusing instructions upon inferior degrees or offenses immaterial."

We also direct attention to the language of Mr. Justice Rousseau A. Burch in the opinion of the Winters case p. 421, where it is said:

"From all the decisions noted it may be concluded that the statute means what it says and should be followed, but that a duty rests on counsel for the defendant to aid and not to ambush the court, and consequently instructions should be requested covering all lesser degrees or lesser crimes involved in the main charge which the defendant desires to be considered. A request sufficient to direct the mind of the court to the subject is enough. Good instructions need not be offered, or a good theory for them formulated; and the evidence itself may point so plainly to the necessity for such instructions that no request is necessary. Generally, however, a failure to make the request waives error in failing to instruct, and, generally, error in failing to instruct or in giving wrong instructions upon lesser degrees or offenses works no prejudice when the defendant is convicted upon satisfying evidence of a higher charge, under correct instructions relating to it."

Turning now to the case at bar, it is most doubtful whether the trial court noticed the short paragraph in the amendment to the motion for new trial. Further, it is not clear that section 21-934 is a lesser degree of the same offense set out in section 21-916. The question to our knowledge has never been before this court. It is clear, however, that it is almost a universal rule that to urge a trial error upon an appeal, the trial court must have been given the opportunity to pass upon the question under a motion for new trial. Furthermore, it appears that the error must have been called directly to the trial court's attention in oral argument, or of a certainty in some other manner. Attention is directed to the following

authorities and others cited therein, *State v. Toelkes*, 128 Kan. 293, syl. ¶ 4, 278 Pac. 20; *Darling & Co. v. Petri*, 138 Kan. 666, 669, 27 P. 2d 255; *State v. Long*, 148 Kan. 47, 48, 79 P. 2d 837; *State v. Hayes*, 169 Kan. 505, 219 P. 2d 442; *State v. Teter*, 180 Kan. 219, 220, 303 P. 2d 164.

While it would appear that the criminal act set out in section 21-916 might well differ from the act proscribed in section 21-934, we do not now pass upon that question. We are quite clear that to allow defendant to now raise this trial question on appeal would indeed amount to an actual ambush of the trial court. We hold the defendant cannot raise the question on appeal.

The defendant lastly complains of the admission of the books of account of the Aero Club Inc. and the Key Club Inc. upon the ground that doings of these corporations were not connected with the defendant so as to charge him with the illegal acts of the corporations. We have carefully read the large record, and feel that the opinion herein need not be extended by recounting all the details. It would seem sufficient to say that evidence introduced shows that the officers of such corporations were minor employees of defendant; that defendant and his wife controlled everything about the corporations; and that in fact the evidence was such that the jury might well believe the corporations were mere shams set up by the defendant for the purpose of carrying out illegal business. We find no error here.

We now turn to the cross appeal of the state. When defendant came before the court for sentence, the state showed to the court a prior conviction of felony had against the defendant in the district court of Sedgwick county. Defendant then presented a governor's pardon showing that after the former conviction he had been pardoned by the governor of this state.

Moreover, the district court on December 16, 1959, was confronted with the ambiguous provisions of G. S. 1959 Supp., 62-2239 relating to minimum sentences.

Faced with these propositions, the learned trial judge sentenced the defendant to one year in the penitentiary as the minimum under the felony count and to ninety days in the county jail on the misdemeanor count and provided that the sentences should run concurrently. The trial court did not apply the provisions of G. S. 1949, 21-107a as to sentencing habitual criminals in assessing the penalty under section 21-916.

The state in its cross appeal asserts that the provisions of section 21-107a become mandatory upon the trial court when a former felony conviction has been shown to the court. The state also directs attention to our recent cases handed down subsequent to December 16, 1959, when the trial court entered its sentence. On June 11, 1960, this court decided the case of *State v. O'Connor*, 186 Kan. 718, 353 P. 2d 214, holding section 62-2239, *supra*, void as being judicially inoperative. Later, on November 12, 1960, in *Murray v. Hand*, 187 Kan. 308, 356 P. 2d 814, the court held that the fact a defendant had received a pardon on a prior felony conviction did not in any way absolve him from the application of G. S. 1949, 21-107a based upon that prior conviction.

Now turning to the question of whether the trial court must double the sentence provided in the statute for the conviction of a new felony, if it is established that defendant has previously been convicted of a former felony, it would appear that it is the duty of the court to do so. We note the wording of section 21-107a:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; . . ."

Attention is also directed to the second paragraph of the syllabus in *State v. Ricks*, 173 Kan. 660, 250 P. 2d 773. In the Ricks case, the defendant was returned to the trial court for a proper sentence under the habitual criminal act where the trial court had failed to impose sentence under the statute.

The conclusion from all that has been said above is that the defendant's principal appeal must be affirmed; that the state's cross appeal compels the setting aside of the improper sentence influenced by the void statute and the court's doubt concerning section 21-107a, and the trial court is hereby directed to bring defendant before the court and enter a valid sentence under the provisions of G. S. 1949, 21-916 and 21-107a. It is so ordered.