No. 42,600

THE STATE OF KANSAS, *Appellee*, v. GILBERT TRAMS, *Appellant*.

(369 P. 2d 223)

Opinion filed March 3, 1962.

*Charles D. Anderson,* of Wichita, argued the cause, and *Donald B. Clark* and *Marvin Appling,* also of Wichita, were with him on the briefs for the appellant.

*Morgan Wright,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellant) Gilbert Trams appeals from a conviction of burglary with explosives as defined by G. S. 1949, 21-525, and grand larceny as defined by G. S. 1959 Supp., 21-533. Upon notice and proof of a prior conviction of a felony he was sentenced on each count under the habitual criminal act (G. S. 1949, 21-107a) to confinement in the Kansas State Penitentiary, the sentences to run concurrently.

At the outset we are confronted with the state's challenge of the defendant's right to be heard. In view of the challenge it is unnecessary to relate the facts of the crime other than to say that there was ample evidence to sustain the conviction as to both counts of the information.

Throughout the trial defendant was represented by able counsel. After the jury returned its verdict of guilty counsel filed a motion for a new trial based upon five alleged trial errors: (1) the admission of illegal testimony; (2) refusing to grant a continuance, not permitting defendant to call alibi witnesses, and in allowing the admission of the testimony of one Retha Scott; (3) the verdict was not sustained by sufficient evidence; (4) the verdict was contrary

to law; and (5) advising the jury after it had retired to deliberate that the state had dismissed count one of the information.

The motion for new trial came on for hearing. Counsel for the defendant stated that he desired to present to the court one item, *i. e.*, that the court erred in failing to instruct the jury on lesser offenses of burglary of which defendant might have been found guilty, and further stated that probably this was the best argument he could present to the court on his motion for a new trial. The trial court overruled defendant's motion, and defendant appeals to this court and specifies as error: (1) that the verdict was contrary to law in that the defendant was not arraigned; (2) defendant was prevented from introducing alibi witnesses; (3) the admission of the testimony of Retha Scott; and (4) that the verdict was contrary to law by reason of the failure to submit to the jury forms of verdict finding the defendant not guilty.

The first and fourth specifications of error were neither included in defendant's motion for a new trial nor presented at the hearing on the motion, and none of defendant's specifications of error was presented to the trial court at the hearing on the motion for a new trial. The aforementioned alleged error argued at the hearing of the motion for new trial has since been abandoned by defendant.

The rule in this jurisdiction is well established that reversible error cannot be predicated on trial errors which were not urged or presented to the trial court on the hearing of a motion for a new trial. (*State v. Hayes,* 169 Kan. 505, 219 P. 2d 442.) Moreover, it is a long-standing rule of this court that in a criminal action alleged trial errors not heard or presented at the hearing of a motion for a new trial are unavailing on appeal. (*State v. Tague,* 188 Kan. 462, 363 P. 2d 454; *State v. Burnett,* 189 Kan. 31, 32, 367 P. 2d 67.)

This court has repeatedly held that specifications of error not included in the grounds of the motion for a new trial and called to the trial court's attention cannot be considered on appeal from a conviction in a criminal case. (*State v. McManaman,* 175 Kan. 33, 258 P. 2d 997; *State v. Stewart,* 179 Kan. 445, 447, 296 P. 2d 1071; *State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; *State v. Hickock and Smith,* 188 Kan. 473, 482, 363 P. 2d 541.)

Inasmuch as defendant's first and fourth specifications of error were not included in his motion for a new trial and his second and

third specifications of error, along with his first and fourth, were not called to the attention of the trial court nor urged at the hearing on the motion for a new trial, defendant is not entitled to be heard. Notwithstanding, we have carefully considered his contentions of error and have determined that each is without merit.

As to defendant's first specification of error, the record clearly discloses that defendant was properly arraigned before trial and entered a plea of not guilty. Moreover, when the case was called for trial the trial court inquired if the parties were ready, and the defendant without objection announced he was ready for trial. It is settled law that arraignment and plea may be waived and it is waived in effect by an announcement that defendant is ready for trial. (*State v. Stitz,* 111 Kan. 275, Syl. ¶ 5, 206 Pac. 910; *State v. Cruse,* 112 Kan. 486, 212 Pac. 81; *In re Bundy,* 144 Kan. 64, 58 P. 2d 80.)

With reference to defendant's second specification of error, the amended information charging the time, place and nature of the offense alleged to have been committed was filed March 10, 1961. On April 4 defendant waived arraignment, and the case was set for trial April 10 without objection on the part of the defendant and without evidencing any intention of using alibi witnesses. Not until April 7, three days before the trial, and some twenty-seven days after the filing of the information, did defendant serve notice on the county attorney of his intention to support an alibi by three named witnesses. Concurrently he filed his motion for permission to serve and file the notice. G. S. 1949, 62-1341 provides in part that such notice shall be served on the county attorney as much as seven days before the action is called for trial and that unless defendant gives the notice as prescribed he shall not be permitted to offer evidence to the effect that he was in some other place at the time of the offense charged. Compliance with the requirements of the mentioned statute has been held to be a prerequisite to the admissibility of the testimony of alibi witnesses. (*State v. Osburn,* 171 Kan. 330, 232 P. 2d 451.)

The record fails to disclose that defendant's motion was denied, and nowhere in the record is it disclosed that defendant was denied any right to introduce any witnesses that he wished to present. Defendant went to trial without objection, he presented no affidavits of alibi witnesses nor did he give any reason why they could not be present either at the time of the trial or on the motion for a new

trial. In *State v. Berry*, 170 Kan. 174, 223 P. 2d 726, we held that where the ground of the motion for a new trial is error in the exclusion of evidence or want of a fair opportunity to produce evidence, such evidence must be produced on the hearing of the motion by affidavit, deposition or oral testimony. Not only did defendant fail to argue this question upon the hearing of the motion for a new trial but he failed to proffer any of the foregoing prerequisites for presenting the matter to the trial court. (*State v. Beam*, 175 Kan. 814, 267 P. 2d 509.)

Defendant's third specification of error is the admission of the testimony of Retha Scott, a co-defendant. The record discloses that she only testified as to her residence and age. This alleged error was neither presented nor argued to the trial court; moreover, it has no merit.

Defendant's fourth specification of error, that the court failed to submit to the jury forms of verdict finding defendant not guilty, is not supported by the record. Defendant was charged with the burden of establishing the fact that not guilty verdicts were not submitted. There is nothing in the record to indicate that the trial court failed to submit not guilty verdicts. That error will not be presumed is an elementary rule and needs no citation. (*State v. Russell*, 182 Kan. 649, 655, 323 P. 2d 913.) There is a presumption in the absence of an affirmative showing to the contrary that the action of the trial court was regular in accordance with the law. (*Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981; *Babb v. City of Wichita*, 172 Kan. 416, 422, 423, 241 P. 2d 755.)

Long ago, in *The State v. Durein*, 70 Kan. 1, 78 Pac. 152, this court committed itself to the rule that in a criminal appeal the record of the proceedings in the trial court will not be interpreted to show error if it be susceptible of a reasonable interpretation to the contrary. (*State v. Smith*, 171 Kan. 722, 726, 237 P. 2d 388.)

After a careful examination of the record we are convinced the defendant had a fair trial and that a proper verdict was returned. The judgment of the trial court below is affirmed.

It is so ordered.